Daniel T. TAYLOR, III, et al., Plaintiffs-Appellants,

v.

KENTUCKY STATE BAR ASSOCIATION et al., Defendants-Appellees.

No. 19718.

United States Court of Appeals, Sixth Circuit.

March 26, 1970.

Morton Stavis, Newark, N. J., William M. Kunstler, Arthur Kinoy, New York City, Neville M. Tucker, Louisville, Ky., on the brief, for appellants.

John A. Fulton, Louisville, Ky., Woodward, Hobson & Fulton, Louisville, Ky., on the brief, for appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Kentucky granting the motion of the Kentucky State Bar Association, its President and Director, and three members of its grievance committee to dismiss a complaint filed against them by Daniel T. Taylor III, an attorney admitted to practice before the Court of Appeals of Kentucky, and four of his clients. Jurisdiction was asserted under 28 U.S.C. § 1343(3) and (4)

(1964) for an alleged violation of 42 U.S.C. § 1983 (1964). The District Court held that it had no jurisdiction over the subject matter.

The complaint recites that Daniel T. Taylor III is a criminal lawyer who has made a career in the defense of unpopular causes and controversial clients, among them, civil liberties organizations, civil rights activists, the poor, and the disadvantaged. In July, 1968, the Kentucky State Bar Association, pursuant to the appropriate Rules of the Court of Appeals of Kentucky, filed a nine-count charge against Taylor praying that Taylor "be forever disbarred from engaging in the practice of law in Kentucky." Taylor filed an answer to the charge, and in December, 1968, a three-man Trial Committee was convened to conduct hearings into the grievances enumerated in the charge. Since that initial hearing, continuances, postponements, and the initiation of this lawsuit have forestalled further action by the Trial Committee.

On March 17, 1969, Taylor filed his complaint in the United States District Court for the Western District of Kentucky. The complaint makes two relevant claims. First, the complaint alleges that Section 30.170 of the Kentucky Revised Statutes (the statute empowering the Kentucky Court of Appeals with prescribing and enforcing standards for admission to the Kentucky Bar), the Rules of the Court of Appeals of Kentucky enacted pursuant to section 30.170, and Canons 1, 5, 15, 18, 22, and 44 of the American Bar Association Canons of Professional Ethics (the ones under which Taylor was charged) are unconstitutional. Second, the complaint alleges that the Bar Association proceedings against Taylor were instituted under color of these state statutes, court rules, and canons of ethics; that said proceedings were instituted in bad faith, with no real hope of ultimate success; that said proceedings are calculated to deter, intimidate, harass, and punish Taylor for his association with and representation of persons and organizations advocating controversial ideas, and to prevent Taylor and deter other Kentucky lawyers from representing, in futuro, controversial clients and from advocating their ideas. The complaint prays for the convocation of a three-judge district court to declare the unconstitutionality of the state statutes, court rules, and canons of ethics, 28 U.S.C. §§ 2281 and 2284 (1964), and to issue a permanent injunction against the Bar Association proceedings on the ground that they are intended to have a "chilling effect" on First Amendment activities, 42 U.S.C. § 1983 (1964).

With respect to the Appellants' first cause of action, the District Court held that it failed to raise a "substantial constitutional question." On this basis, the District Court refused to submit the case to a three-judge district court.

A single judge may refuse to convene a three-judge panel "when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking nonexistent." Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962). See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); Klein v. Lee, 254 F.2d 188 (7th Cir. 1958). For the reasons stated in the order of the District Court, we agree that the Appellants' challenge of these statutes, court rules, and canons of ethics does not raise a substantial constitutional question requiring the convocation of a three-judge panel under 28 U.S.C. §§ 2281 and 2284 (1964). To this extent, the order of the District Court is affirmed.

Having concluded its inquiry at this point, the District Court neglected to determine whether the Appellants properly invoked its jurisdiction under 28 U.S.C. § 1343 (1964) and 42 U.S.C. § 1983 (1964). It is to this point that we now turn our attention.

Restated, the essential allegations of the complaint, which must be accepted as true for the present purposes, are that the Kentucky State Bar Association,

through its officers and agents acting under color of the Rules of the Court of Appeals of Kentucky, initiated a grievance proceeding against Taylor, in bad faith and without regard to success or failure, as an instrument for the suppression of First Amendment activities, to-wit: the advocacy of unpopular ideas. The issue raised is whether federal injunctive power may be invoked under these circumstances.

■ A general rule, inherent in American Federalism, is that courts of the United States will not interfere with a state's enforcement of its local laws. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). A *fortiori* should this rule apply where the dispute is of a peculiarly local character, as is this one. It has long been recognized that the states have "autonomous control over the conduct of their officers, among whom * * * lawyers are included," Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957), and that the state supreme courts and bar associations bear the primary and often painful responsibility of policing the profession. *See* Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917). Nevertheless, the Supreme Court has instructed that where a plaintiff alleges "highly unusual and very limited circumstances," that is:

"(1) a bad-faith use of the state's legal machinery with the purpose of inhibiting the exercise of the right of free speech (or, alternatively, the existence of a statute unconstitutional on its face affecting free speech) and (2) a probability of irreparable injury, which is established if there is a showing of a significant chilling effect on speech that cannot be avoided by state court adjudication." Sheridan v. Garrison, 415 F.2d 699, 709 (5th Cir. 1969), cert. denied, 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970) federal injunctive power under 42 U.S.C. § 1983 (1964) may be the appropriate remedy. Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Cox v. Louisiana, 348 F.2d 750 (5th Cir. 1965). It is not necessary that the state statute under which the proceedings were threatened or instituted be unconstitutional on its face. The Supreme Court has recently stated:

"We have not hesitated on direct review to strike down applications of constitutional statutes which we have found to be unconstitutionally applied to suppress protected freedoms. *See* Cox v. Louisiana, [379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965)]; Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349; Edwards v. South Carolina, [372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963)]." Cameron v. Johnson, *supra*, 390 U.S. at 620, 88 S.Ct. at 1340.

Nor is it technically necessary that the vehicle be a criminal prosecution by the state—disbarment proceedings having been described as "proceedings of a quasi-criminal nature," In re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed. 2d 177 (1968)—where, under color of state law or court rule, the effect is to chill the exercise of First Amendment freedoms. *See* Eisenberg v. Boardman, 302 F.Supp. 1360, 1364 (W.D.Wis.1969).

■ The Bar Association urges that the Kentucky Court of Appeals is an indispensable party to this litigation, since only that Court has the power to disbar. *See* Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966). This argument overlooks the very nature of the *Dombrowski* remedy, which is directed at the chilling effect of bad-faith proceedings instituted under color of state law, rather than at the punishment alone.

"The chilling effect upon the exercise of First Amendment rights may derive from the fact of the prosecution, unaffected by the prospects of its success or failure." Dombrowski v. Pfister, *supra*, 380 U.S. at 487, 85 S.Ct. at 1121.

"Appellants' case that there are 'special circumstances' establishing irreparable injury sufficient to justify federal intervention must therefore come down to the proposition that the statute was enforced against them, not because the Mississippi officials in good faith regarded the picketing as violating the statute, but in bad faith as harassing appellants' exercise of protected expression with no intention of pressing the charges or with no expectation of obtaining convictions, knowing that appellants' conduct did not violate the statute." Cameron v. Johnson, *supra*, 390 U.S. at 619–620, 88 S.Ct. at 1340.

It is ordinarily the officials of the Bar Association, not the Justices of the Kentucky Court of Appeals, who set grievance proceedings in motion. Rule 3.160, Rules of the Kentucky Court of Appeals. In further support of this proposition, the Appellees argue that no remedy can be framed against the Bar Association unless the Court of Appeals is join We disagree. If the Appellants can bear the "heavy burden" of showing that the Bar Association proceedings were instituted deliberately to suppress First Amendment rights, and if the Appellants can overcome the strong presumption that the Bar Association's motive was to enforce its canons of ethics, then the District Court can frame an appropriate remedy against the Bar Association by enjoining further grievance proceedings and preventing the Bar Association from presenting any recommendations to the Court of Appeals of Kentucky. The Appellees' contention that the Court of Appeals is an indispensible party is rejected.

■ The Supreme Court has refused to decide whether 28 U.S.C. § 2283 (1964) is a bar to injunctive relief in meritorious *Dombrowski* cases where suit has already begun, Cameron v. Johnson, *supra*, 390 U.S. at 614, 88 S.Ct. 1335; Cameron v. Johnson, 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715 (1965); Dombrowski v. Pfister, *supra*, 380 U.S. at 484, n. 2, 85 S.Ct. 1116; and the de-

cisions of the lower courts are divided. *Compare, e. g.,* Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. denied, Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965), with Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969), cert. denied, 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970). We need not reach that issue, however, since disbarment proceedings, prior to their adjudication in the court in which the power to disbar resides, are not "proceedings in a State court," therefore the federal anti-injunction statute does not apply.

■ We find that the Appellants have properly invoked federal jurisdiction under 28 U.S.C. § 1343 (1964) and have stated a claim for which relief may be granted under 42 U.S.C. § 1983 (1964). The judgment of the District Court is therefore reversed in part, and this cause is remanded for an evidentiary hearing or such other proceeding as the District Court may direct.