Richard J. GETTY, Plaintiff,

v.

The Honorable Scott REED, Chief Justice of the Supreme Court of Kentucky, et al., Defendants.

Civ. A. No. 76–14.

United States District Court, E. D. Kentucky.

March 12, 1976.

See also D.C., 413 F.Supp. 507.

H. Hamilton Rice, Jr., Paris, Ky., Eugene Gressman, Van Arkel, Kaiser, Gressman & Rosenberg, Washington, D. C., Richard A. Getty, Cleveland, Ohio, for plaintiff.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., for defendants Ky. Bar Assoc., Ben L. Kessinger & Leslie G. Whitmer.

H. N. McTyeire, Asst. Atty. Gen., Frankfort, Ky., for all other defendants.

## MEMORANDUM OPINION

SILER, District Judge.

In this action brought under 42 U.S.C. §§ 1981, 1983 and 1985, plaintiff, a Kentucky attorney, seeks injunctive relief staying the enforcement of a mandate and final order of suspension issued against him by the Kentucky Supreme Court (*vice* Kentucky Court of Appeals) on January 17, 1975. He further seeks a declaration that KRS 30.170 and certain rules of the Kentucky Supreme Court promulgated thereunder, *viz.* RCA 1.280, 3.330, 3.360, 3.370 and 3.450, violate the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

Plaintiff alleges that his suspension under rules unconstitutional on their face and as applied to him violates his constitutional right to free speech and deprives him of his right to practice law without according him due process. He further alleges that the disciplinary proceedings conducted against him were in "bad faith" and for the purpose of harassment.

By order entered January 26, 1976, the Court, following arguments of counsel for all parties, overruled plaintiff's motion for a temporary restraining order.

Title 28, U.S.C. § 2281 requires that an application for injunctive relief against state officers be heard and determined by a three-judge court if the purpose of the injunction is to restrain enforcement of a state statute (or administrative order) on the grounds of its unconstitutionality.

State supreme court rules fall within the broad meaning of "statute" as used in 28 U.S.C. § 2281. *Norfolk and Western Railway Co. v. Beatty*, 400 F.Supp. 234 (S.D.Ill.1975). The only issue before the Court is whether a three-judge court should be convened.

Counsel for two of the defendants, the president and the director of the Kentucky Bar Association, has filed a motion to dismiss on the basis of (1) failure to state a claim upon which relief can be granted, (2) lack of subject matter jurisdiction, and (3) lack of a substantial federal question. Counsel for the defendant Justices of the Kentucky Supreme Court also challenges, in a motion to dismiss, the jurisdiction of the Court and further alleges that the defendants are not proper parties.

At a hearing on March 2, 1976, arguments of counsel for all parties was heard

on defendants' motions and on whether the complaint states a substantial federal question.

Before convening a three-judge court, a single district judge must find (1) that the court has jurisdiction, and (2) that a substantial constitutional question exists. *Cf. Darling v. United States,* 352 F.Supp. 565 (E.D.Cal.1972). Ordinarily this two-step process is not necessary because the stating of a substantial constitutional question would likely also confer subject matter jurisdiction on the Court. However, this case is somewhat unusual and requires the two-step approach.

First of all, plaintiff's complaint appears to state a cause of action under 42 U.S.C. § 1983. In *Taylor v. Kentucky Bar Association,* 424 F.2d 478 (6th Cir. 1970), the Sixth Circuit Court of Appeals held that a complaint similar to the one herein stated a cause of action under 42 U.S.C. § 1983 and invoked federal jurisdiction under 28 U.S.C. § 1343. It also appears that under the standards of *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), a substantial federal question exists. There the United States Supreme Court said at 518, 93 S.Ct. at 858:

> "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," . . . "wholly insubstantial," . . . "obviously frivolous," and "obviously without merit," . . . . The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purpose of 28 U.S.C. § 2281. A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' "

It cannot be said of plaintiff's claim that prior decisions of the United States Supreme Court render it "frivolous" or demonstrate its unsoundness to the point of foreclosing it as the "subject of controversy."

Prior decisions of the United States Supreme Court do indicate that federal courts should be reluctant to interfere with a state's control over the practice of law within its borders. For example, in *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), Mr. Justice Frankfurter stated:

> It is not for this Court, except within the narrow limits for review open to this Court, as recently canvassed in *Konigsberg v. State Bar of California,* 353 U.S. 252, 77 S.Ct. 722 [, 1 L.Ed.2d 810], and *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752 [, 1 L.Ed.2d 796] to sit in judgment on (state) disbarments . . . . [T]he state judicatures . . have autonomous control over the conduct of their officers, among whom . . lawyers are included.

*Id.* at 281, 77 S.Ct. at 1276. However, the cases cited by Mr. Justice Frankfurter indicate that the United States Supreme Court will review the actions of a state court in regulating the practice of law where constitutional rights are involved.

While *Taylor v. Kentucky Bar Association, supra,* held that issues similar to those raised by plaintiff did not raise a substantial federal question requiring the convocation of a three-judge court, the basis for this conclusion does not appear in the Court's opinion. In any event, the Court will assume, without deciding, that plaintiff's complaint states both a claim under 42 U.S.C. § 1983 and a substantial federal question under *Goosby v. Osser, supra.* The threshold inquiry in this case is whether the Court has jurisdiction.

While a single judge cannot dismiss a 2281 action on the merits, he can pass on the threshold question of whether jurisdiction is present. *Ex Parte Poresky,* 290 U.S.

30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933). "A three-judge court is not required where the District Court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Gonzalez v. Employees Credit Union*, 419 U.S. 90, 100, 95 S.Ct. 289, 295, 42 L.Ed.2d 249 (1974). "The presence of a court of three judges necessarily assumes that the District Court has jurisdiction." *Ex Parte Poresky, supra* at 31, 54 S.Ct. at 4.

■ A brief statement of the procedural posture of this action is necessary to the understanding of the jurisdictional issues. As already mentioned, the Kentucky Supreme Court, by final order of January 17, 1975, suspended plaintiff from the practice of law for a six month period. His petition for a writ of certiorari to the United States Supreme Court was denied on January 12, 1976. He filed this action on January 23, 1976.

In paragraphs 13 and 15 of his complaint, plaintiff alleges that he raised "significant federal constitutional issues" in the disciplinary proceedings before the Kentucky Supreme Court. (Paragraphs 13 and 22 of the complaint appear to be somewhat inconsistent in this regard.) In paragraph 13, plaintiff alleges that, in response to a rule to show cause why he should not be disciplined, he raised certain due process issues before the Kentucky Court. Paragraph 15 indicates "significant federal constitutional issues" were also raised in a petition for rehearing before that court. It is apparent that many, if not all of the issues raised in this action, were raised before the Kentucky Supreme Court. However, plaintiff's contention is that these issues were not considered by that court.

Title 42, U.S.C. § 1983 creates a cause of action but "does not by itself confer jurisdiction upon the federal district courts to adjudicate these claims." *Hagans v. Lavine*, 415 U.S. 528, 535, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). (There is no reason why this language should not apply with equal force to 42 U.S.C. §§ 1981 and 1985.) Likewise, the Declaratory Judgment Act, 28 U.S.C. § 2201, creates a federal remedy but does not extend federal jurisdiction. *Skelly Oil Co. v. Phillip Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Plaintiff has sought to place jurisdiction in this Court under 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. § 1988. [Title 42 U.S.C. § 1988, standing alone, cannot confer jurisdiction. *Rader v. Cliburn*, 376 F.Supp. 463 (M.D.Tenn.1972), aff'd, 476 F.2d 182 (6th Cir. 1973).]

Title 28 U.S.C. § 1343 expressly confers original jurisdiction upon the district courts in civil rights cases. While plaintiff's complaint is ostensibly an original action, it is based upon issues already raised in two courts having jurisdiction to consider them. In this posture, plaintiff is seeking appellate review in the guise of a civil rights action. Since 28 U.S.C. § 1343 confers no appellate jurisdiction upon federal district courts, this Court is without jurisdiction to hear this case. *Coogan v. Cincinnati Bar Association*, 431 F.2d 1209 (6th Cir. 1970) (hereinafter *Coogan*); *Ginger v. Circuit Court for the County of Wayne*, 372 F.2d 621 (6th Cir.), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967) (hereinafter *Ginger*); *Cf. Gately v. Sutton*, 310 F.2d 107 (10th Cir. 1962); *Jones v. Hulse*, 267 F.Supp. 37 (E.D.Mo.1967), *aff'd*, 391 F.2d 198 (8th Cir.), *cert. denied*, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968).

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (hereinafter *Rooker*), the United States Supreme Court, noting that district courts possess only original jurisdiction, held that they cannot "entertain a proceeding to reverse or modify" a state court judgment for to "do so would be an exercise of appellate jurisdiction." *Id.* at 416, 44 S.Ct. at 150.

The *Rooker* doctrine prevents review by a federal district court of constitutional questions already passed upon by a state court because to do so "would be tantamount to an attempt 'to reverse or modify' a state judgment." *Paul v. Dade County*, 419 F.2d 10, 13 (5th Cir. 1969), *cert. denied*, 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686 (1970). Plaintiff's contention that neither the Ken-

tucky nor United States Supreme Courts actually "passed upon" the Constitutional issues he raised was answered by the Court in *Ginger, supra* at 624:

What he has overlooked is that each had the *power* to review, had it seen fit to do so, and that *this Court cannot be substituted in the stead of either as a review tribunal.* (Emphasis supplied.)

In *Tang v. Appellate Division,* 487 F.2d 138 (2d Cir. 1973), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974) (hereinafter *Tang*), the plaintiff attorney sought injunctive and declaratory relief in an action based on 42 U.S.C. § 1983. Additionally, he sought a three-judge panel to decide the constitutionality of New York's rule requiring "actual" residence in the state as a prerequisite for admission to the bar. The Appellate Division of the New York Supreme Court affirmed the bar association's denial of plaintiff's application for admission. Plaintiff then filed an action in the United States District Court. The district court dismissed because the federal question was insubstantial. In affirming, the Second Circuit Court of Appeals did not reach this question. Instead, Judge Mulligan, in the majority opinion, relied on *Rooker* in holding that the "district court lacks jurisdiction to review state court determinations of federal constitutional questions." *Tang, supra* at 141. Judge Hays concurred on the basis of res judicata. Judge Oakes, dissenting, felt the district court had jurisdiction.

The *Tang* opinions illustrate the difficulty in reaching a decision in the case at bar. There is ample authority for abstention in cases such as this one. See, *e. g., Theard v. United States, supra.* However, it appears that the question of abstention is for a three judge panel. *Steffel v. Thompson,* 415 U.S. 452, 457, n. 7, 94 S.Ct. 1209, 1214, 39 L.Ed.2d 505, 513 (1974). There is likewise strong authority that res judicata bars consideration of the issues plaintiff seeks to raise here. *Tang, supra* at 143 (concurring opinion); *Coogan, supra* at 1211; *Deane Hill Country Club, Inc. v. City of Knoxville,* 379 F.2d 321 (6th Cir.), *cert. denied,* 389

U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967). However, counsel for the plaintiff has vigorously contended that for this court to dismiss on the basis of res judicata would be an impermissible decision on the merits by a single judge.

Courts have differing views on whether res judicata is "jurisdictional" or "goes to the merits." Compare *Kaufman v. Somers Board of Education,* 368 F.Supp. 28 (D.Conn.1973), with *Atkins v. School Board of Halifax County,* 379 F.Supp. 1060 (W.D. Va.1974). In addition, there is some question whether res judicata should be applied in civil rights cases brought in district courts. See *Florida State Board of Dentistry v. Mack,* 401 U.S. 960, 961, 91 S.Ct. 971, 28 L.Ed.2d 245, 246 (1971) (denial of certiorari, dissenting opinion by Mr. Justice White joined by Chief Justice Burger).

In the case *sub judice,* the Court rests its decision solely upon lack of jurisdiction. While the abstention doctrine and res judicata would ordinarily apply, the Court assumes, without deciding, that they do not apply in the three-judge court situation. It is possible that these doctrines may have been factors in the decisions of other courts finding the constitutional issues in cases such as this one insubstantial. Whether they have the effect of rendering the issues plaintiff raises "wholly insubstantial," "obviously frivolous," or "obviously without merit," this Court need not decide. This Court has no jurisdiction to consider the issues plaintiff seeks to raise.

Finally, the case of *Taylor v. Kentucky Bar Association, supra,* must be distinguished from the case at bar. Despite the holding in that case and the similarity, in issues raised, to this case, its procedural posture makes its teachings inapposite. In that case, the plaintiff attorney instituted his action in the district court immediately after the initial hearing before the trial committee, and prior to a final decision by the Kentucky Supreme Court. Here, a final order of disbarment has been issued by the Kentucky Supreme Court and certiorari has been denied by the United States Supreme Court. This Court is not in the

position of deciding whether it should enjoin state court proceedings or abstain. Any decision by this Court at this stage must operate on the final judgment of the Kentucky Supreme Court. It is now in an appellate posture.

Had plaintiff instituted his action in this Court at an earlier stage of the disciplinary proceedings, though this Court might initially have abstained, he might well have been able to preserve his right to a federal forum for litigation of his constitutional issues. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Deane Hill Country Club, Inc. v. City of Knoxville,* supra at 326; *Brown v. Supreme Court of Virginia,* 359 F.Supp. 549 (E.D.Va.), *aff'd,* 414 U.S. 1034, 94 S.Ct. 533, 38 L.Ed.2d 327 (1973). However he did not do so and he is now foreclosed from review by this Court.

This case will be dismissed for lack of jurisdiction. *Ex Parte Poresky, supra; Brown v. Chastain,* 416 F.2d 1012 (5th Cir. 1969), *cert. denied,* 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970). Because the Court lacks jurisdiction, the other bases of defendants' motions need not be considered.

An order in conformity with this opinion will be entered.