AARON SCHULTE *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Essex. May 4, 1978. — July 26, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Employment Security,* Eligibility for benefits, Religious observance,
Findings by board of review.

Where a decision by the board of review of the Division of Employment
Security that an applicant for unemployment benefits was unavail-
able for work during the relevant period and had not made a con-
sistent effort to obtain work was so vague that it was impossible to
determine whether either ruling was correct, the case was remand-
ed to the board with instructions that the findings of fact be clari-
fied and the basis of the decision identified. [109–110] ABRAMS, J.,
with whom LIACOS, J., joined, concurring, would order benefits paid
to the claimant pending resolution of his claim.

PETITION filed in the District Court of Southern Essex
on April 23, 1974.

Following the decision of this court in 369 Mass. 74
(1975), the case was heard by *Tuttle,* J.

*Sumner H. Smith* for the plaintiff.

*Joseph S. Ayoub,* Assistant Attorney General (*Laura K.
Jordan* with him) for the Director of the Division of Em-
ployment Security.

QUIRICO, J. This appeal challenges the decision of the
board of review (board) of the Division of Employment
Security (division) denying unemployment benefits to the
plaintiff. The decision was affirmed by a judge of a Dis-
trict Court and, pursuant to G. L. c. 151A, § 42, came here
for direct review with a report from that court.

The evidence, supplemented when necessary by find-
ings of the board, is summarized.[1] The plaintiff Aaron
Schulte, a master plumber, operated his own plumbing

---

[1] The evidence consists solely of the plaintiff's testimony before the
board's review examiner. The transcript of this testimony was appar-

business for approximately forty-three years. He was forced to give up the business for reasons of health in late 1969 or early 1970. He was then approximately sixty-five years old, and began receiving social security benefits. In July, 1970, he became employed on a part-time basis as a sales clerk in a drug store operated by his son. His hours were not regular; rather he was on call and worked when needed. He testified that he was capable of working full time. The store was closed in June, 1973, and the plaintiff was laid off. Since that time he has talked to a number of persons, two of whom he mentioned specifically, in an attempt to find new employment. He did not, however, make any formal application with anyone for work.

One of the primary questions in this case is the effect of the plaintiff's religious observances on his claim for benefits. He is an orthodox Jew, observing the Sabbath from sundown Friday to sundown Saturday. In accordance with this practice he does not work from Friday noon to Saturday night. This was his custom when he was self-employed as well as when he worked for his son,[2] and it remains so to the present. However, he did work in the drug store on Sundays and there is no evidence in the record that any religious observance makes him unavailable now for such Sunday work.

On June 20, 1973, the plaintiff filed a claim with the division for unemployment benefits for the week ending June 23, 1973, and subsequent weeks. See G. L. c. 151A, § 38. The benefits were denied, and, after a hearing, this decision was affirmed. See G. L. c. 151A, § 39. Following

---

ently prepared from a tape recording, and it has some gaps due to inaudible responses. When necessary these gaps will be filled by recourse to the findings of the review examiner.

[2] The plaintiff indicated that he did not work for his son at all on Fridays, since the length of the drive between his home and the store made it purposeless for him to go to work when he had to return home by noon.

an appeal by the plaintiff to the board, a review examiner held a de novo hearing on the claim and once again the benefits were denied. See G. L. c. 151A, § 41. The full board turned down an application for rehearing, thus accepting the decision of the review examiner as its own. See *id.* The District Court judge's affirmance simply stated that the decision of the review examiner "was supported by substantial evidence and was not based on error of law."[3] It is the review examiner's decision that is before us on appeal. See, e.g., *Faria* v. *Director of the Div. of Employment Security,* 350 Mass. 397 (1966).

In his decision the review examiner made two rulings: (1) that the plaintiff was unavailable for work during the relevant period, and (2) that he had not made a consistent effort to obtain work. Either of these rulings, if correct in law and fact, would alone be a sufficient basis for denying benefits under G. L. c. 151A, § 24 (*b*). The vagueness of the decision, however, makes it impossible for us to determine whether both of these rulings, or merely one, and if one which one, was the actual basis for the denial of benefits. Nor can we determine, on the state of the record before us, whether either of the two rulings is correct. The ruling that the plaintiff was unavailable for work appears to be based, at least in part, on the review examiner's finding that the plaintiff observed the Sabbath from Friday noon to sundown on Sunday. This finding, however, is completely unsupported by the evidence in the record, which indicates rather that the Sabbath observance extended only until Saturday's sundown. The plaintiff is entitled to have a new ruling by the board on the question of his availability which takes into account the correct Sabbath observance. See generally *Sherbert* v. *Verner,* 374 U.S. 398 (1963).

---

[3] Prior to affirming the board's decision, the District Court judge had dismissed the plaintiff's appeal on procedural grounds. We reversed the dismissal. *Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74 (1975).

The same is true as to the board's ruling that no sufficient attempt was made by the plaintiff to obtain employment. The opinion includes no subsidiary findings which indicate the degree to which this ruling was based on the conclusion of the board that the plaintiff held himself open to work only on a part-time basis. We therefore cannot determine whether the basis for the ruling was that the plaintiff's efforts were insufficient, or rather that they were completely irrelevant since they were aimed only at acquiring part-time work.

We will not rule on questions which are not presented in a case, or where the incompleteness of the record deprives us of findings of fact that are necessary for decision. Cf. *Babson* v. *Babson*, 374 Mass. 96, 106-108 (1977) (Quirico, J., dissenting). We therefore reverse the decision of the District Court and order the case to be remanded to the board with instructions that the findings of fact be clarified and completed and that the precise basis or bases of the decision be identified.

*So ordered.*

ABRAMS, J. (concurring, with whom Liacos, J., joins). Since failure to make a consistent effort to obtain work is a sufficient basis for denying benefits under G. L. c. 151A, § 24 (*b*), I concur in the result reached by the majority. For the reasons stated herein, however, I would order benefits paid to the claimant pending final resolution of this claim.

One ground for denying the claimant benefits was that he was "available for part time work only." The ground for this finding appears to derive its only support from the claimant's statements to the review examiner that he would not work on Saturdays and that he observed "the Sabbath from Friday at sundown until Saturday at sundown." The claimant stated, in substance, that he had to be home by sundown on Friday, that he would not work

on Saturday, but that he had worked on Sundays and was willing to work on Sundays. Despite this testimony the review examiner found the claimant "available for work Monday through Thursday" which finding was unsupported by the record and was either *mistaken* or *deliberately false.*

Assuming that the review examiner was mistaken as to the clear testimony before him, the board found, without record support and contrary to the clear evidence, that the claimant was unavailable for work "from Friday noon until *Sunday* at sundown" (emphasis supplied). The board's finding also is either *mistaken* or *deliberately false.*

Implicit in both findings, if viewed as mistaken, is the notion that Sunday is the proper and correct Sabbath. It goes without saying that any decision by a State agency that, in order to qualify for benefits, a claimant must be available for work on a day which the claimant observes as the Sabbath is invidious and unconstitutional discrimination. *Sherbert* v. *Verner,* 374 U.S. 398 (1963). See *Lincoln* v. *True,* 408 F. Supp. 22 (W.D. Ky. 1975).

Moreover, the board apparently sensed the error in the review examiner's unsupported and erroneous finding but did nothing to correct the examiner's error; rather, it made an erroneous and unsupported finding of its own as to the claimant's unavailability for work. In view of the agency's inability to accept the principle that any requirement that a claimant work on a day on which it is necessary for him not to work in order to comply with his religion is clearly impermissible, I would place on the agency the burden of clearly demonstrating that any new decision is in no way tainted by religious discrimination.

Because of the high probability that religious discrimination was an underlying factor in the finding that the claimant was available only for part-time work and that such discrimination probably tainted the ultimate decision to deny the benefits sought, I would require the board to make explicit and detailed findings to support

any new decision to deny benefits. In accordance with other decisions in which a prima facie showing of discrimination has been made, see *Wheelock College* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 130 (1976), I think that the board must show in any new decision "not only evidence of the reason for its action but also underlying facts in support of that reason." Such a requirement would ensure that any nondiscriminatory reason set forth by the board is the real reason and not merely a pretext. See *Wheelock College* v. *Massachusetts Comm'n Against Discrimination, supra* at 139.

Since evidence of discrimination by the board and by the review examiner is a reasonable inference from the record, I would order the payments of benefits to the claimant pending final resolution of his claim.