391 Mass. 211 (1984)
461 N.E.2d 766
ANITA FAYE DiLUZIO
vs.
UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, LOCAL 274 & others.[1]
Supreme Judicial Court of Massachusetts, Franklin.
September 15, 1983.
February 16, 1984.
Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.
Glenn M. Taubman, of Virginia (Jack D. Curtiss with him) for the plaintiff.
William C. Newman (Wendy Sibbison with him) for Alex Markley & another.
Leonard Polletta, of New York, for United Electrical, Radio and Machine Workers of America, Local 274.
Frederick V. Casselman, for Bruce N. Cameron, amicus curiae, submitted a brief.
LYNCH, J.
This appeal arises from the denial of a motion by the plaintiff Anita Faye DiLuzio for the admission pro hac vice of a staff attorney from The National Right to Work Legal Defense Foundation, Inc. (foundation), to represent her along with local counsel in an action brought against the defendant labor unions. The trial judge denied the plaintiff's motion, and we granted the plaintiff's application for direct appellate review. We find no abuse of discretion in the judge's decision to deny the pro hac vice motion, and thus we affirm the ruling below.
This dispute over the admission of the plaintiff's out-of-State counsel is the latest skirmish in an ongoing battle between the parties concerning injuries allegedly occurring as a result of the plaintiff's crossing a picket line maintained by the defendant unions in January, 1980. The plaintiff retained Mr. Jack D. Curtiss, a Massachusetts attorney, to represent her in the litigation. Mr. Curtiss, in turn, sought the assistance of the foundation for the purpose of both financially underwriting the litigation and contributing expertise on labor and constitutional issues. The foundation agreed to provide financial and legal assistance, and to this end two of its staff attorneys, Mr. Dannie B. Fogleman and Mr. Bruce N. Cameron, became associated with the litigation on an "of counsel" basis.
*213 The defendant unions' motion to dismiss the suit was allowed by the judge, on the ground that unincorporated labor organizations could not be sued in Massachusetts. In DiLuzio v. United Elec., Radio & Mach. Workers, Local 274, 386 Mass. 314 (1982), we reversed the judge's ruling, holding that such entities are amenable to suit. Mr. Fogleman was responsible for the foundation's contribution to the litigation up until that point; he was admitted pro hac vice without opposition by the defendant unions and, in fact, argued the case before this court. The case was then remanded to the Superior Court for further proceedings, and about this time Mr. Fogleman resigned from the case and was replaced by Mr. Cameron, who had not yet participated in the litigation.
However, this time the plaintiff's motion for admission pro hac vice of the foundation's attorney was opposed by the defendants. Both parties filed extensive briefs and supporting affidavits regarding the motion for admission. After consideration of these materials, the judge denied the motion. The plaintiff argues that the judge abused her discretion in denying the motion, and avers that the fact that the judge did not hold a formal hearing or find facts regarding the motion amounted to a denial of due process. The plaintiff also claims, as does Mr. Cameron in an amicus curiae brief, that various rights of speech and association protected under the First Amendment to the United States Constitution were infringed by the judge's refusal to grant the pro hac vice motion.
Before reaching the substantive merits of the plaintiff's claims, we must deal with the unions' argument that this court lacks jurisdiction to hear the plaintiff's appeal. The defendants derive this contention from the plaintiff's failure to follow the procedures required for the review of interlocutory orders: the aggrieved party must either have the judge report the matter to the Appeals Court, G.L.c. 231, § 111, or a petition must be filed with the Appeals Court seeking relief from the order. G.L.c. 231, § 118.
*214 However, an order granting a motion to disqualify counsel has traditionally been held to be a final judgment and therefore immediately appealable under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). See, e.g., Draganescu v. First Nat'l Bank, 502 F.2d 550 (5th Cir.1974), cert. denied, 421 U.S. 929 (1975). This doctrine has a close Massachusetts counterpart in our rule of present execution. Borman v. Borman, 378 Mass. 775, 780 (1979). See Marcus v. Pearce Woolen Mills, Inc., 353 Mass. 483 (1968); Lynde v. Vose, 326 Mass. 621 (1951). Applying this rule in Borman, we agreed to review directly a pretrial ruling by a Probate Court judge disqualifying counsel for one of the parties in a divorce proceeding, on the grounds that "disqualification orders are conclusive of a party's right to counsel of his choice and are effectively unreviewable on appeal from judgment." Borman v. Borman, supra at 780. In the instant case, the judge's denial of the plaintiff's pro hac vice motion has the same impact and is in effect a final judgment. As such, the ruling may properly be appealed under G.L.c. 231, § 117.
To resolve the plaintiff's arguments, we first consider the application of G.L.c. 221, § 46A, to this case. This section provides that "a member of the bar, in good standing, of any other state may appear, by permission of the court, as attorney or counselor, in any case pending therein, if such other state grants like privileges to members of the bar, in good standing, of this commonwealth." General Laws c. 221, § 46A, inserted by St. 1935, c. 346, § 2. Parsing the statute, its operation turns on the fulfilment of its initial condition, "permission of the court." The prominent placement of this statutory element is not accidental, since it is of constitutional significance: "It is inherent in the judicial department of government under the [Massachusetts] Constitution to control the practice of law ... and as a general proposition, valid permission to practice law cannot be given by the General Court except subject to the requirements for admission to the bar established by the judicial department." *215 Opinion of the Justices, 289 Mass. 607, 612 (1935). See Opinion of the Justices, 279 Mass. 607, 611 (1932). While this directive does not prevent the Legislature from enacting laws in aid of the judicial prerogative, such laws are in all respects subject to the "ultimate power of control" of the judiciary. Collins v. Godfrey, 324 Mass. 574, 576 (1949).
The import of these decisions is that permission of the judicial department is not merely important but is essential to the right to appear as an attorney under G.L.c. 221, § 46A. The additional requirements of good standing and reciprocity spelled out in the statute are an expression of policy for the guidance of the judicial department in exercising its constitutional prerogative of controlling the practice of law in the Commonwealth. This right of a State's judiciary to regulate the practice of law has been repeatedly recognized by the United States Supreme Court. See, e.g., Leis v. Flynt, 439 U.S. 438 (1979); Goldfarb v. Virginia State Bar, 421 U.S. 773 (1975). In Leis, supra at 442-443, the Court emphasized this point in the context of admissions to the bar, in ruling that there is no constitutionally protected entitlement to admission pro hac vice to a particular court and in upholding an Ohio statute which placed discretion regarding this matter in the hands of the trial judge. See also Norfolk & W. Ry. v. Beatty, 400 F. Supp. 234 (S.D. Ill.), aff'd mem., 423 U.S. 1009 (1975).
In the Commonwealth, the discretion permitted a trial judge is of comparable magnitude to that under the statute considered in Leis. We can find no abuse of discretion in the instant case, since there are several grounds upon which the judge could have rested her denial of the pro hac vice motion.
As an initial matter, there was no showing that the plaintiff was not adequately represented by her original, local counsel, Mr. Curtiss. Some courts have considered the availability of representation by local counsel to be highly relevant to the issue whether denials of pro hac vice motions should be overturned. See, e.g., Draganescu v. First Nat'l Bank, supra. On a related point, in the Sixth Amendment *216 context, courts in criminal cases have emphasized that while there is a fundamental right to effective assistance of counsel which "implies a degree of freedom to be represented by counsel of defendant's choice, this guarantee does not grant the unconditional right to representation in a state court by a particular out-of-state attorney." Ross v. Reda, 510 F.2d 1172, 1173 (6th Cir.), cert. denied, 423 U.S. 892 (1975). See State v. Hunter, 290 N.C. 556, 567 (1976), cert. denied, 429 U.S. 1093 (1977). This element of adequate representation by existing counsel, when combined with the already extended procedural history of this case, may have reasonably prompted the judge to deny the motion. Again in the criminal context, where the right to counsel is at its apex, the United States Circuit Court of Appeals for the First Circuit observed: "The right to counsel of one's choice is not absolute. A court need not tolerate unwarranted delays, and may at some point require the [litigant] to go to trial even if he is not entirely satisfied with his attorney." Maynard v. Meachum, 545 F.2d 273, 278 (1st Cir.1976). Similarly, in recent civil cases this court has recognized that the right of a litigant to counsel of his choosing is not absolute and cannot always predominate. Mailer v. Mailer, 390 Mass. 371, 373 (1983). McCourt Co. v. FPC Properties, Inc., 386 Mass. 145, 151 (1982).
It is also not apparent that the plaintiff will be measurably prejudiced by the denial of the motion to admit Mr. Cameron. The foundation may continue to provide financial support to the plaintiff's case as it has in the past. In addition, Mr. Cameron could, with the court's approval, continue to provide legal assistance to the plaintiff without serving as an attorney of record. Such assistance could include preparation of the case for trial, contributing to strategy formulation, and assisting with the drafting of filings and exhibits needed during trial. This more limited role may be all that the plaintiff has requested, since in her affidavit she stated that it is her desire that "Mr. Cameron [be allowed to] help [her] and help Mr. Curtiss because ... he specializes in the litigation of individual employee rights."
*217 We find this latter point regarding Mr. Cameron's expertise especially noteworthy. After resolution of the issues in the earlier case involving the right of suit against the unions, it appears that what is left is a relatively straightforward tort action. The trial judge could reasonably have determined that Mr. Cameron's expertise in "labor and constitutional law" was superfluous to the remaining, unresolved tort claim.
Regardless of the existence of sufficient grounds to support the judge's decision, the plaintiff urges that the judge's failure to find facts or to hold a formal hearing on the motion amounted to an abuse of discretion. We do not agree. Initially it should be observed that the plaintiff did not request any findings by the judge, and only does so here on appeal. Further, although the judge did not hold formal hearings, she gave both parties ample opportunities to submit briefs, memoranda and affidavits regarding the motion for admission, and both parties did so.
We also fail to see what differentiates a pro hac vice motion from the majority of other motions dealt with by Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974), which in turn states that fact findings are "unnecessary" in this context. See Mailer v. Mailer, supra at 373; Pierce v. Board of Appeals of Carver, 3 Mass. App. Ct. 352, 353 n. 4 (1975), rev'd on other grounds, 369 Mass. 804 (1976). Cf. Edmondson v. State, 383 F.2d 123, 126 (8th Cir.1967) (interpreting Federal predecessor of Mass. R. Civ. P. 52 [a] as not requiring findings on motions to intervene); Report of Proposed Amendments to Rules of Civil Procedure, Advisory Committee Note, 5 F.R.D. 433, 471-472 (1946) ("The last sentence of Rule 52[a] as amended will remove any doubt that findings and conclusions are unnecessary upon decision of a motion ..."). With few exceptions, the weight of precedent in the Commonwealth supports the view that a general ruling by a trial judge "imports a finding of all the subsidiary facts essential to that conclusion," Reynolds v. Owen, 328 Mass. 451, 451-452 (1952), and that a detailed delineation of the grounds for the ruling is not generally required. *218 See Atwood v. First Nat'l Bank, 366 Mass. 519 (1974); Attorney Gen. v. Woburn, 322 Mass. 634 (1948); Mahoney v. Norcross, 284 Mass. 153 (1933). The cases relied upon by the plaintiff, requiring findings of fact in the record to support the final determination of an administrative agency, are inapposite. See Smith v. Director of the Div. of Employment Sec., 376 Mass. 563 (1978); Schulte v. Director of the Div. of Employment Sec., 376 Mass. 107 (1978). Findings in such cases are required by the provisions of G.L.c. 30A, § 11 (8).
The plaintiff also raises constitutional objections to the denial of her pro hac vice motion. These objections are twofold: first, that an attorney meeting the "objective" criteria of the statute (i.e., good standing and reciprocity) has an "expectancy" in admission, which cannot be taken away without due process of law; and second, that both the plaintiff and Mr. Cameron have First Amendment rights which were infringed by the court's decision. We will deal with these contentions in turn.
We fail to see how G.L.c. 221, § 46A, creates any more of an "expectancy" than the Ohio statute reviewed by the United States Supreme Court in Leis v. Flynt, 439 U.S. 438 (1979). The Court upheld the constitutionality of the latter statute against due process attacks, finding that the interest of out-of-State attorneys in representing local defendants is not a liberty or property interest protected by the Fourteenth Amendment to the United States Constitution. As the Court observed: "A claim of entitlement under state law, to be enforceable, must be derived from statute or legal rule or through a mutually explicit understanding.... The record here is devoid of any indication that an out-of-state lawyer may claim such an entitlement in Ohio, where the rules of the Ohio Supreme Court expressly consign the authority to approve a pro hac vice appearance to the discretion of the trial court." Id. at 442-443. Despite its mention of good standing and reciprocity as factors to be considered by the trial judge, G.L.c. 221, § 46A, like the Ohio statute, is dominated by the discretion accorded the judge in *219 decisionmaking. For this reason, the Supreme Court's decision in Leis is equally applicable to the instant case, and we can find no constitutional infirmity on due process grounds with G.L.c. 221, § 46A, or its application in this case.
The plaintiff's (and Mr. Cameron's in his amicus brief) arguments based upon the First Amendment are equally uncompelling. They are essentially derived from a series of United States Supreme Court decisions originating with NAACP v. Button, 371 U.S. 415 (1963), which developed the broad principle that associational activities designed to promote access to the courts are protected under the United States Constitution. In Button, the Court ruled that a State could not prohibit as "solicitation" the associational activities of the NAACP; in UMW v. Illinois Bar Ass'n, 389 U.S. 217, 222 (1967), a claim that the activities of salaried attorneys in providing legal services for union members constituted the "unauthorized practice of law" was rejected; and in In re Primus, 436 U.S. 412 (1978), the right to advertise the availability of legal services was upheld. The common thread running through these cases is that a State's interests in regulation of the local bar must occasionally yield where access to the courts is effectively being denied. However, this principle has no bearing in the instant case. The plaintiff is already adequately represented by local counsel, so there is no question of a denial of representation. Further, as we noted previously, Mr. Cameron and the foundation can continue to assist the plaintiff, either by legal or financial means. The exercise by the judge of her discretion to deny the plaintiff's pro hac vice motion simply does not raise the same issues of freedom of association and expression considered by the United States Supreme Court in Button and its progeny. General Laws c. 221, § 46A, on its face and as applied here, does not contravene the First Amendment.
Although we find no error in this case, it should be understood that as a matter of policy a litigant should not be limited in his choice of an attorney except for serious and *220 articulable reasons. We have found no obligation to make findings in such cases. However, in the interest of fairness, it is desirable for a judge to make findings and to inform the parties and appellate courts of the reasons why a litigant is being deprived of the services of the attorney of his choice. The judge may wish to reconsider her decision in the light of this opinion.
The ruling by the judge denying the plaintiff's motion for admission of out-of-State counsel pro hac vice is affirmed.
So ordered.
NOTES
[1] The other defendants are the United Electrical, Radio and Machine Workers of America, the national union, and Alex Markley and Debra Phillips, agents of the national and local unions, respectively.