WILLIAM MCLELLAN *vs.* COMMISSIONER OF CORRECTION & another.[1] No. 89-P-851. August 13, 1990. *Imprisonment*, Enforcement of discipline. *Administrative Law*, Prison disciplinary proceeding. *Practice, Civil*, Declaratory proceeding, Relief in the nature of certiorari.

This action was filed in Superior Court on February 13, 1989, and arises out of two separate incidents that took place in January and February of 1988. On January 8, 1988, a search team conducting a routine search of the plaintiff's cell claimed to have discovered obscene and threatening notes left for them by the plaintiff. Disciplinary report No. 88-106 setting forth a number of charges was filed that day. A second disciplinary report, No. 88-525, issued on February 3, 1988, charging the plaintiff with spitting on a correction officer "twice hitting [him]" on [his] right arm.

A disciplinary hearing was convened for both offenses on February 17, 1988. The plaintiff refused to attend the hearing, and it proceeded in his absence. He was found guilty of several charges, was sanctioned with ten days' isolation on each report, and was ordered to pay for cleaning the correction officer's uniform.

The printed forms used for the board's decisions state: "The inmate has been advised of the board's decision and a copy of this document has been delivered to the inmate. . . . The inmate has been advised of his . . . right to appeal this decision within five (5) days."

The plaintiff appealed report No. 88-525, and his appeal was denied by the superintendent on February 26, 1988. No claim is made that he was not notified of the decision. The plaintiff next appealed to the Commis-

---

[1]The then superintendent of M.C.I., Cedar Junction.

sioner of Correction, although the regulations provide only for an appeal to the superintendent of the institution in which the prisoner is incarcerated. 103 Code Mass. Regs. § 430.18 (1987). His complaint in the Superior Court alleged that his appeal to the Commissioner was never answered. In an affidavit dated March 31, 1988, attached to his complaint, the plaintiff stated that he spoke to the Commissioner regarding this second appeal and that the Commissioner responded that he did not review appeals.

Disciplinary action No. 88-106 was never appealed. The plaintiff asserted in his complaint that he would have appealed No. 88-106 had he been served with a copy of the board's decision. The plaintiff, however, knew of that decision no later than March 28, 1988, as he recited in an affidavit of that date that he had been informed that he had received a sanction. His affidavit also stated that he was told on March 28 that it was too late to appeal No. 88-106. The plaintiff served his isolation time for No. 88-106 beginning on March 28, 1988, and for No. 88-525, sometime thereafter.

On February 13, 1989, almost a year after he had been informed that his No 88-525 appeal had been denied and that it was too late to appeal No. 88-106, the plaintiff filed this action styled "Petition for Declaratory Judgment" in the Superior Court. The thrust of his complaint was that the "findings and sanctions of disciplinary reports No. 88-106 [and] No. 88-525 be nullified" because the disciplinary board had insufficient evidence on which to base a finding of guilt.[2]

The defendants filed a motion to dismiss or, in the alternative, for summary judgment.[3] The motion was allowed. A motion by the plaintiff to reconsider the judgment on the motion to dismiss was denied on June 16, 1989, and this appeal ensued.

Although the plaintiff brought his complaint pursuant to G. L. c. 231A, requesting declaratory relief, such relief is not "an appropriate remedy where the validity of an adjudication by the board in an individual case is being challenged. There relief in the nature of certiorari is to be sought." *Averett* v. *Commissioner of Correction*, 25 Mass. App. Ct. 280, 287 (1988), *S.C.*, 404 Mass. 28 (1989). *Hill* v. *Superintendent, M.C.I., Walpole*, 392 Mass. 198, 199 n.2 (1984), rev'd on other grounds, 472 U.S. 445 (1985). *Wightman* v. *Superintendent, M.C.I., Walpole*, 19 Mass. App. Ct. 442, 444 (1985).

The plaintiff's complaint is, therefore, to be treated as a civil action in the nature of certiorari pursuant to G. L. c. 249, § 4. That statute requires that an "action shall be commenced within sixty days next after the proceeding complained of." G. L. c. 249, § 4, as amended by St. 1986, c. 95. Even if the sixty-day period did not start running until the plaintiff had

---

[2]A similar claim by the same plaintiff is discussed in *McLellan* v. *Superintendent, M.C.I., Cedar Junction, ante* 122 (1990).

[3]The motion was allowed "based on reasons stated in Defendant's Memorandum." Those did not include the untimeliness of the appeal.

notice that his administrative appeals had been denied, he knew that his appeal to the superintendent on one of his disciplinary reports, No. 88-525, was denied on February 26, 1988, and that correction officials asserted that it was too late to appeal on his second report, No. 88-106, as of March 28, 1988.[4]

Although the defendants raised the plaintiff's late filing for the first time on appeal and did not plead the limitations period as an affirmative defense, see Mass.R.Civ.P. 8(c) and 8(d), 365 Mass. 750 (1974), the late filing of an appeal from a decision of an administrative agency is such a "serious misstep" that the appeal must be dismissed. See *Schulte* v. *Director of Div. of Employment Security*, 369 Mass. 74, 78-79 (1975), *S.C.*, 376 Mass. 107 (1978); *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 552 (1966); *School Comm. of Franklin* v. *Commissioner of Educ.*, 395 Mass. 800, 809 n.8 (1985).

The sixty-day period having run long before the plaintiff filed his complaint in the Superior Court, the complaint is to be dismissed.

*Judgment of dismissal affirmed.*

*Lena M. Wong* for the Commissioner of Correction & another.

*William McLellan*, pro se, submitted a brief.


---

[4]The plaintiff asserted in his complaint that he could not appeal because he was never given a copy of the disciplinary board's decision as required by 103 Code Mass. Regs. § 430.17(1) (1987). Even if the plaintiff did not receive a copy of the report, it was his duty to procure one or allege that he was unable to do so. See *Brown* v. *Quinn*, 406 Mass. 641, 643-645 (1990). Compare *Eli & Bessie Cohen Hillel Academy, Inc.* v. *Director of the Div. of Employment Security*, 396 Mass. 150, 153-154 (1985), where the plaintiff was misled to believe her claim would be heard.

