MacDonald, D. Lloyd, J.
This action stems from a complaint filed by Michael F. Mooney (“Mooney” or “plaintiff’), which alleges sexual abuse by Father Mark Haight (“Father Haight”) and Father Donald Starks (“Father Starks”) and various actionable failures of supervision by the authorities in the New York and Boston archdioceses. The incidents allegedly took place in the late 1970s while Mooney was an altar boy in the Roman Catholic Diocese of Albany in New York (“Diocese” or “defendant”).
Plaintiff has moved to admit Attorney John A. Aretakis (“Attorney Aretakis”), a member of the Bar of the State of New York, pro hac vice, to represent the plaintiff. Attorney Aretakis has represented multiple plaintiffs in New York alleging sexual abuse by Catholic priests and played a significant role in the development of the case at hand. Attorney Aretakis has been assisted by local counsel, Kenneth I. Gordon (“Attorney Gordon”). However, there appears to be no dispute that Attorney Gordon has been less involved with the client and in the issues of the case than Attorney Aretakis.
The Diocese, along with Bishop Howard J. Hubbard (“Bishop Hubbard” or “defendant”), opposes plaintiffs motion for admission pro hac vice. At oral argument counsel for the defendants emphasized to the Court that he “not lightly” did so.
The defendants contend that Mooney is already competently represented by local counsel and that Mooney cannot establish that he would be measurably prejudiced by denial of his motion. More pointedly, however, the defendants argue that Attorney Aretakis’s past conduct raises such serious ethical concerns as to make his admission pro hac vice incompatible with the standards of practice before the courts of the Commonwealth.
As to the particulars of their position, the defendants cite that Attorney Aretakis is currently the subject of a disciplinary proceeding before the State of New York’s Third Department Committee on Professional Standards. Further, the defendants allege that in the present case Attorney Aretakis held a press conference broadly publicizing the instant complaint and the facts underlying it before the complaint was even filed with this court. Such conduct implicates not only Rule 3.06 of the Massachusetts Rules of Professional Conduct (Trial Publicity), but it could be seen to be aggravated by the acknowledged circumstance of Attorney Aretakis at the time not being authorized to practice law here.
In addition, at the hearing on the present motion, the defendants submitted to the Court a copy of a March 16, 2005 order of the Rensselaer County (New York) Court (Hummel, J.) imposing $7,500 in sanctions on Attorney Aretakis for “engaging in repeated acts of frivolous conduct” and “a reckless and intentional disregard for the truth.” Attorney Aretakis’s actions were found by Judge Hummel to have been intended "to harass and maliciously injure another ... [through] material factual statements that are false.”
Finally, in another priest abuse case currently pending in Superior Court, David Leonard v. The Congregation of the Sacred Stigmata ,a/k/a Stigmatine Fathers and Brothers et al., Suffolk Superior Court Civil Action No. 04-3126-F, Judge Muse denied a pro hac vice motion filed on Attorney Aretakis’s behalf, noting, inter alia, that “uncontradicted” submissions raised a material question whether Attorney Aretakis remained in good standing in New York.
Under G.L.c. 221, §46A, “a member of the bar, in good standing, of any other state may appear, by permission of the court, as attorney or counselor, in any case pending therein, if such other state grants like privileges to members of the bar, in good standing, of this commonwealth.” A trial judge has significant discretion in deciding whether to admit an attorney pro hac vice. DiLuzio v. United Electrical, Radio & Machine Workers of America, Local 274, 391 Mass. 211, 215 (1984). However, “as a matter of policy, a litigant should not be limited in his [or her] choice of an attorney except for serious and articulable reasons.” DiLuzio, 391 Mass. at 219-20.
In light of the seriousness of the allegations made at the hearing against Attorney Aretakis, the Court gave counsel for the plaintiff two weeks to make a submission to address the factual basis of the defendants’ opposition to Attorney Aretakis’s pro hac vice admission. However, no submission was thereafter made on Attorney Aratakis’s behalf.
Accordingly, the Court is left with the record as described above. On that basis, the Court has no hesitation in concluding that there are “serious and articulable reasons” for concluding that Attorney Aretakis should not be extended the privilege of practicing before the court.
ORDER
For the foregoing reasons, the plaintiffs motion to admit attorney John A. Aretakis pro hac vice is DENIED.