NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-720

RIAD RISKALLA & another[1]

vs.

TOWN OF NORTH READING & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Riad and Nabila Riskalla, appeal from a judgment upholding an enforcement order issued against them by the conservation commission (commission) of the town of North Reading (town).  The order requires the plaintiffs to remove certain unpermitted improvements on their residential property because they violate the town's wetlands protection bylaw (bylaw).  The plaintiffs brought an action in the nature of certiorari under G. L. c. 249, § 4, in the Superior Court.  On

_____

[1] Nabila Riskalla.

[2] North Reading Conservation Commission; and Leah Basbanes, Lori Mitchener, Tomas Sanchez, Melissa Campbell, Lauren Beshara, James Cheney, and Randall Mason, all in their capacities as agents or members of the conservation commission.

cross motions for judgment on the pleadings, the judge granted the commission's motion, affirmed the commission's decision, and dismissed the complaint. Because the commission did not act arbitrarily and capriciously or otherwise abuse its discretion in issuing the enforcement order, we affirm.

Background. The purpose of the Wetlands Protection Act, G. L. c. 131, § 40 (act), "is to preserve and protect coastal and other wetlands bordering rivers and other bodies of water." Garrity v. Conservation Comm'n of Hingham, 462 Mass. 779, 785 (2012). The act's protections extend to activities in areas "within 100 feet" of a protected area, known as the buffer zone, if, "in the judgment of the issuing authority," the activity will alter an area subject to protection. 310 Code Mass. Regs. § 10.02(2)(b) (2014). Municipal conservation commissions have authority to issue enforcement orders to correct violations of the act and associated regulations. G. L. c. 131, § 40; 310 Code Mass. Regs. § 10.08. The town's bylaw protects "[a]ny freshwater wetland" and "[a]ny land within 100 feet of [the wetland]," bylaw § 1.3 (2001), and accompanying regulations provide that improvements to a property may not encroach upon twenty-two percent or more of protected lands. Id., § 4.7(c).

In 2010, the town issued an order of conditions to the prior owners of the property in connection with their planned construction of a four-bedroom house. The order of conditions

2

directed the owners, upon completion of the work, to provide the commission with an "As-Built plan" of the improvements to the property, including "[a]ny deviations from the approved plans," and also to request a certificate of compliance from the commission based upon that plan. The plan submitted with the 2010 application included only drawings for a four bedroom house and did not contemplate additional improvements around the house structure. The house was built, and the town's building inspector issued a certificate of occupancy in May 2013. No certificate of compliance from the commission was ever issued.

The prior owners did not submit an "As-Built plan" of the property to the commission until November 2021. The "As-Built plan" showed a paved driveway, walkway, outdoor patios, fire pit, and small sports court, none of which were included in the 2010 application. At a hearing on December 8, 2021, the commission determined that the "As-Built plan" did not match the plan submitted to the commission in 2010, and the improvements exceeded and violated the buffer zone encroachment limit. The next day, the commission issued an enforcement order requiring the removal of the improvements by June 30, 2022. Meanwhile, the prior owners had entered into a purchase and sale agreement with the plaintiffs on October 20, 2021. On December 10, a representative of the plaintiffs reached out to the commission and said that "[t]hey are a bit confused as to what actually

3

needs to be done. Who is supposed to be doing the work?" The plaintiffs acquired the property by quitclaim deed on December 14.

On March 9, 2022, the commission reviewed correspondence from another representative of the plaintiffs stating that they did not wish to comply with the 2021 enforcement order but rather wanted "to find a way to keep [the] sport court, patio, and . . . to create resolutions for the board to agree to in order to allow this." On April 19, 2022, the commission issued a new enforcement order to the plaintiffs. The order contained identical requirements to the order issued on December 9, 2021, requiring removal of the paved driveway, walkway, patios, fire pit, and sports court. The plaintiffs then filed this action.

Discussion. "In a review under certiorari, the court is limited to correcting substantial errors of law apparent on the record adversely affecting material rights" (quotation omitted). FIC Homes of Blackstone, Inc. v. Conservation Comm'n of Blackstone, 41 Mass. App. Ct. 681, 684 (1996). We review a decision allowing a motion for judgment on the pleadings de novo. Delapa v. Conservation Comm'n of Falmouth, 93 Mass. App. Ct. 729, 733 (2018). "In an action in the nature of certiorari challenging a wetlands permit decision made by a conservation commission pursuant to a local by-law, our review is limited at most to whether the commission's decision is supported by

4

substantial evidence in the administrative record, whether the commission's action was arbitrary and capricious, and whether the commission committed an abuse of discretion or other error of law."  Id. at 733-734.

The plaintiffs argue that they need not comply with the 2022 enforcement order issued against them because, under the statute of limitations set forth in G. L. c. 131, § 91, the commission was required to issue any enforcement order within two years after the improvements were built, presumably around the same time construction on the house was completed in April 2013.  The act, however, provides that "[a]ny person" who acquires property on which work has been done in violation of the act "shall forthwith comply with any such order or restore [the property] to its condition prior to any such violation; provided, however, that no action . . . shall be brought . . . unless such action is commenced within three years following the recording of the deed."  G. L. c. 131, § 40.  In Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 326 (2021), the Supreme Judicial Court held that this three-year statute of repose is "personal" to each new owner.  That means that once a property "changes hands," the act "permits the commission to commence an action against the subsequent owner, so long as it does so within three years of the triggering event -- the recording of the deed or date of death by which title was acquired."  Id.  In

5

this case, the commission had three years after the date the plaintiffs acquired the property, December 14, 2021, to issue an enforcement order against them.  Its April 19, 2022 order was therefore timely.[3]

Nor is the 2022 enforcement order void due to what the plaintiffs call the "surprise exemption" in Pesa.  No such exemption exists.  In Pesa, the Supreme Judicial Court explained that "[i]nterpreting the statute of repose to apply personally, and to permit enforcement against each subsequent owner," is consistent with the act's recording scheme because both orders of conditions and certificates of compliance must be recorded in the registry of deeds or in the Land Court.  Pesa, 488 Mass. at 336.  This recording scheme prevents potential purchasers of a property from being surprised that "any work accomplished under [an order of conditions] may have been done in violation of the order."  Id.  As in Pesa, the plaintiffs here cannot claim to

_____

[3] We do not address the validity of the 2021 enforcement order because the plaintiffs failed to commence this action within sixty days of its issuance, as G. L. c. 249, § 4, requires, see McLellan v. Commissioner of Correction, 29 Mass. App. Ct. 933, 934 (1990), and because, in any event, the validity of the 2021 enforcement order against the prior owners is immaterial to the authority of the commission to issue a new order against the plaintiffs as subsequent owners.  General Laws c. 131, § 40, allows a conservation commission to bring an enforcement order "within three years of each subsequent acquisition of property" even if it could not have lawfully issued an order against the prior owner.  Pesa, 488 Mass. at 335.

6

have been surprised by the 2022 enforcement order because the order of conditions issued in 2010 and the commission did not issue a certificate of compliance thereafter.  Indeed, the record shows that the plaintiffs knew about the enforcement order issued against the prior owners on December 9, 2021 -- less than a week before the plaintiffs closed on the property -- and in fact inquired at that time as to who had to remove the encroaching improvements.  As discussed supra, the 2022 enforcement order issued against the plaintiffs is identical in substance to the 2021 order issued against the prior owners.

The judge also properly rejected the plaintiffs' argument that, under the doctrines of collateral estoppel and promissory estoppel, the town's issuance of a certificate of occupancy in May 2013 precludes any enforcement action against them now.  As a factual matter, a certificate of occupancy is distinct from a certificate of compliance, which the 2010 order of conditions required to be obtained based on the "As-Built plan" of the house's construction, and there is no requirement that the commission issue a certificate of compliance before the town's building inspector issues a certificate of occupancy.  As a legal matter, because no pertinent issue of fact or law was "actually litigated and determined by a valid and final judgment" in a prior action, collateral estoppel does not apply.

McLaughlin v. Lowell, 84 Mass. App. Ct. 45, 56 (2013), quoting Alba v. Raytheon Co., 441 Mass. 836, 841 (2004). More generally, "[e]stoppel theories generally do not apply against the government," Harrington v. Fall River Hous. Auth., 27 Mass. App. Ct. 301, 308 (1989), and they are particularly disfavored where their application would "negate requirements of the law intended to protect the public interest [quotation omitted]." O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986). Because the relief that the plaintiffs seek would negate the purpose of the wetlands protection bylaw and regulations, which promote flood and erosion protection, biodiverse habitats for wildlife, water purification processes, and other public benefits, principles of estoppel do not apply.[4]

Finally, we agree with the judge that the plaintiffs' claims under the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H, 11I, fail because they do not allege that any individual government official interfered or attempted to interfere with

---

[4] The plaintiffs also cite a letter from an environmental consulting firm that contends that the total impervious surface of the improvements is 17.6%, under the twenty-two percent encroachment limitation set forth in the regulations. The letter is dated October 12, 2023, well after the Superior Court entered judgment and the plaintiffs filed their notice of appeal. Because in a certiorari proceeding "judicial review is confined to the record of the administrative proceedings below," Mello Const., Inc. v. Division of Capital Asset Mgmt., 84 Mass. App. Ct. 625, 631 n.12 (2013), we do not consider the letter or the plaintiffs' arguments concerning it now.

8

their constitutionally protected rights, and because a municipality is not a "person" that may be sued under that law. See Howcroft v. Peabody, 51 Mass. App. Ct. 573, 591-592 (2001). See also Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-823 (1985). Further, the plaintiffs' assertion that the enforcement order violates various constitutional provisions is generally unsupported by reasoned analysis or relevant authority and, as such, fails to rise to the level of adequate appellate argument as required by Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995). In addition, the plaintiffs' claim that the enforcement order amounts to an unconstitutional taking fails because they have suffered neither the physical occupation or invasion of their property nor the deprivation of all of its economically viable use. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015-1016, 1028 (1992); Blair v.

Department of Conservation & Recreation, 457 Mass. 634, 639, 641 (2010).[5]

Judgment affirmed.

Order denying motion for
   reconsideration affirmed.

By the Court (Meade,
   Hershfang & Toone, JJ.[6]),

*Paul Little*

Clerk

Entered:  October 8, 2024.

---

[5] To the extent we have not specifically addressed any of the plaintiffs' arguments, we have considered all of them and see no basis on which to disturb the judgment.

[6] The panelists are listed in order of seniority.