Attorney T. Michael Morgan is a member the law firm Morgan & Morgan; he practices out of the firm’s Orlando, Florida office. Morgan has filed a motion on his own behalf seeking permission to appear for the plaintiffs in this action. Morgan is not a member of the Massachusetts bar, but represents that he is an active member in good standing of the Florida and Kentucky bars.
Plaintiffs in this action are already represented by three other lawyers from the same law firm: Ryan Lang (who practices out of Morgan & Morgan’s Boston office) and Garrett Lee (co-managing partner of the firm’s Boston office) are members of the Massachusetts bar; Kathryn Barnett (with the firm’s Nashville, Tennessee office) was permitted to appear in this case pro hac vice in 2023. Furthermore, this case has been consolidated with twelve other civil actions that raise similar claims and that are being jointly managed by designated plaintiffs’ counsel. Attorney Barnett and Attorney Jeffrey Catalano were appointed Co-Lead Counsel, Attorney Leo Boyle was appointed Liaison Counsel, and seven other attorneys were appointed to serve on a Steering Committee for the consolidated cases in an order entered with the agreement of all parties in October 2023.
Attorney Morgan disclosed that he was sanctioned by the United States District Court for the District of Wyoming for violating Fed. R. Civ. P. 11(b) because he signed motions in limine without reading them and, as a result, permitted the filing of motions citing eight non-existent cases that had been hallucinated by Morgan & Morgan’s in-house Artificial Intelligence (“AI”) platform. See Wadsworth v. Walmart Inc., 348 F.R.D. 489 (D. Wyo. Feb. 24, 2025).
The Court will exercise its discretion to deny Attorney Morgan’s motion for permission to appear in this case pro hac vice. The Court is troubled by Morgan’s demonstrated failure in the Wyoming case to live up to the ethical
 
                                                            -1-
 
standards required of trial lawyers. Its concern is heightened by Morgan’s decision to practice law in Massachusetts without permission, by filing his motion in violation of the statute (G.L. c. 221, § 46A) and the Massachusetts Supreme Judicial Court rule (SJC Rule 3:15) that govern pro hac vice motions. In light of Morgan’s recent misconduct in Federal court, and his disregard of Massachusetts law and procedural rules in this case, the Court is not persuaded that Morgan should be granted permission to appear before the Massachusetts Superior Court.
1. Legal Background. An attorney who is not a member of the Massachusetts bar may appear on behalf of a party in a Massachusetts court case only by “permission of the court.” See G.L. c. 221, § 46A. This statutory language is significant. See PCG Trading, LLC v. Seyfarth Shaw, LLP, 460 Mass. 265, 269–270 (2011); DiLuzio v. United Elec., Radio & Mach. Workers of Am., Loc. 274, 391 Mass. 211, 214–215 (1984).
“It is well settled that ‘permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice in a case there pending is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge.’ ” State v. Reed, 174 Conn. 287, 292, 386 A.2d 243, 247 (1978), quoting Thomas v. Cassidy, 249 F.2d 91, 92 (4th Cir. 1957) (per curiam), cert. denied, 355 U.S. 958 (1958); accord, e.g., Ross v. Reda, 510 F.2d 1172, 1173 (6th Cir. 1975) (per curiam).
Attorneys have “no constitutionally protected entitlement to admission pro hac vice to a particular court.” DiLuzio, 391 Mass. at 215; accord Leis v. Flynt,     439 U.S. 438, 442–443 (1979) (per curiam). Similarly, a party to a lawsuit “does not have the right to be represented by a specific out-of-state attorney.” Commonwealth v. Burbank, 27 Mass. App. Ct. 97, 107 n.1 (1989).
To the contrary, Massachusetts judges have broad discretion in deciding whether to permit an attorney who is not a member of the Massachusetts bar to appear pro hac vice in a Massachusetts action. See PCG Trading, 460 Mass. at 270; Merles v. Lerner, 391 Mass. 221, 223 (1984).
2. Recent Ethical Lapse. Attorney Morgan’s role in submitting hallucinated case citations to a Federal District Court, and his failure in that action to review motions that he allowed to be filed over his signature, provide ample grounds for denying his request to appear pro hac vice in this case.
In February 2025, a Federal District Judge sanctioned Attorney Morgan for submitting motions citing to cases that had been hallucinated by an AI
 
                                                            -2-
 
platform. Judge Kelly H. Rankin set forth his findings and conclusions about Morgan’s ethical lapses in an “Order on Sanctions and Other Disciplinary Action.” See Wadsworth, 348 F.R.D. 489. Judge Rankin found that in January 2025 Attorney Morgan, as well as his associate at Morgan & Morgan and his local counsel, violated Fed. R. Civ. P. 11(b) by filing motions in limine that cited nine cases, eight of which did not exist. Id.
When Judge Rankin learned of the apparent deception, he issued an order to show cause why the plaintiffs’ attorneys should not be sanctioned or disciplined. In response, the plaintiffs withdrew the motions in limine.
Morgan and his colleagues then admitted to the court that “the cases were not real and [had been] hallucinated by an AI platform.”  Wadsworth, 348 F.R.D.  at 493. Morgan’s associate had drafted the motions in limine. He used an in- house AI-powered platform developed by or for Morgan & Morgan, which the firm calls “MX2.law.” That platform generated the fake case citations, and included them in the motions in limine. Id. at 494.
Morgan and his local counsel never reviewed the motions in limine before they were filed, but nonetheless “affixed their e-signatures at the bottom” of each motion. Id.
Judge Rankin found that Morgan violated Fed. R. Civ. P. 11(b) by signing a legal filing without having reviewed the document, or by permitting a colleague to append their signature to a filing that they never reviewed, and a as a result filing motions that relied on fake case citations. 348 F.R.D. at 495– 496. By allowing the motions to be filed over his signature, Morgan was certifying that he had “read the document[s]” and had “conducted a reasonable inquiry” into whether the filing was supported by the facts and the law. Id. at 495, quoting Bus. Guides Inc. v. Chromatic Commc’ns Enters., Inc., 498 U.S. 533, 542 (1991). “If a reasonable inquiry would result in finding the arguments are not warranted by existing law, then the document’s filing violates Rule 11.” Id.
The court noted that Morgan’s reliance on his associate “was understandable,” but found that Morgan had still violated “a nondelegable duty to ensure” that any motions filed over his signature were “supported by existing law.” Id.     at 498. The court also found that if Morgan had complied with his ethical obligation to review the motions in limine before they were filed, he should have recognized that the odd and truncated form of the case citations raised obvious questions about whether they were real. 348 F.R.D. at 496.
Judge Rankin sanctioned Morgan by imposing a $1,000 fine.
 
                                                            -3-
 
Morgan’s ethical transgression in this Wyoming case was quite serious. Trial lawyers cannot file legal papers supported by fake case citations. More senior attorneys have just as much responsibility as any lawyers whom they supervise to review motions and legal memoranda and ensure that they are accurate and do not contain made up case law or evidence.
“Citing even a single fake case can be sanctionable because ‘no brief, pleading, motion, or any other paper filed in any court should contain any citations— whether provided by generative AI or any other source—that’ a lawyer has not personally ‘read and verified’ ” (emphasis in original). Whiting v. City of Athens Tennessee, 170 F.4th 455, 461 (6th Cir. 2026), quoting Noland v. Land of the Free, L.P., 114 Cal.App.5th 426, 336 Cal. Rptr. 3d 897, 901 (Cal. Ct. App. 2025).
“Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court. It does not matter if [generative AI] told you so.” D'Ambrosio v. Meta Platforms Inc., No. 25-2231, 2026 WL 1361951, at *8 (7th Cir. May 15, 2026) (bracketed material in original), quoting Prososki v. Regan, 32 N.W.3d 593, 607 (Neb. 2026), quoting in turn Maura R. Grossman   et al., Is Disclosure and Certification of the Use of Generative AI Really Necessary?, 107 Judicature 68, 75 (2023).
Morgan’s failure “to take basic, necessary precautions that likely would have averted the submission of” fake case citations to the Federal court in Wyoming “is categorically unacceptable.” Smith v. Farwell, Norfolk Super. Ct. no. 2282CV01197, 2024 WL 4002576, at *4 (Mass. Super. Feb. 15, 2024) (Davis, J.) (imposing a $2,000 fine as a sanction for submitting fake case citations to the court). “Attorneys have an ethical obligation to verify the citations and propositions they submit to courts; that obligation reflects duties of competence and candor that apply no matter the tools attorneys use.” United States v. Farris, 171 F.4th 920, 923 (6th Cir. 2026).
Filing motions riddled with made-up case law, or permitting a colleague to do so over one’s signature, reflects a “lack of diligence and apparent failure to take seriously the responsibility of conducting litigation in compliance with the rules of civil procedure.” Smith, 2024 WL 4002576, at *7, quoting Partlow v. Hertz Corp., 370 Mass. 787, 790 (1976). Doing so inadvertently is no excuse.
Although Attorney Morgan disclosed the recent Federal sanctions against him in his motion, Morgan makes no attempt to show that he has changed his practice to comply with his obligation to review any papers filed in court over his signature, or that he has taken any steps to ensure that he and his law firm
 
                                                            -4-
 
do not file motions or legal memorandum citing nonexistent case law in the future. This omission is surprising. And troubling.
Since Attorney Morgan’s failure to comply with basic ethical requirements in the Wyoming litigation is so recent, and Morgan has made no showing that he has learned from his mistakes in that case, the Court is not convinced that Morgan should be granted the privilege of appearing pro hac vice in the Massachusetts Superior Court. Cf. Meschi v. Iverson, 60 Mass. App. Ct. 678, 681– 682 (2004) (holding that trial judge did not abuse discretion in denying pro hac vice admission to an attorney who “skated perilously close to the line” of violating the rules of professional conduct by attempting to engage a deponent in conversation despite knowing that she was represented by counsel).
3. Current Failure to Follow Massachusetts Law. The Court’s concerns about Morgan’s recent misconduct in Federal court are heightened by his demonstrated disregard for the Massachusetts statute and SJC rule that govern requests for permission to appear pro hac vice in Massachusetts courts.
First, rather than have a member of the Massachusetts bar file a motion asking the court to give Attorney Morgan permission to appear in this case pro hac vice, as expressly required by SJC Rule 3:15, § 2, Morgan filed the motion himself. Although someone affixed Attorney Lang’s signature to the motion (by typing “/s/ Ryan Lang,”), Attorney Morgan designated himself to be the “Movant” at the beginning of the motion and again by affirming under the pains and penalties of perjury “that I am the Movant in the above-styled matter.” That was improper.
Section 46A of G.L. c. 221 provides that no one other than a member in good standing of the Massachusetts bar “shall practice law” in Massachusetts. An exception is made for members in good standing of the bar of another State who has received “permission of the court” to appear pro hac vice.
Morgan falls into neither category, but nonetheless decided to practice law in Massachusetts by filing this motion. Since Morgan is not a member of the Massachusetts bar and has not been granted permission to appear in this case pro hac vice, he violated § 46A and Rule 3:15 by filing this motion on his own behalf.
Morgan’s decision to flout Massachusetts law in this manner is not a minor technical violation. “[P]ermission of the judicial department is not merely important but is essential to the right to appear as an attorney under G.L. c. 221, § 46A.” PCG Trading, 460 Mass. at 269–270, quoting DiLuzio, 391 Mass. at 215.
 
                                                            -5-
 
Second, Attorney Morgan did not pay the correct pro hac vice registration fee to the Board of Bar Overseers (the “BBO”), and thereby committed a second violation of SJC Rule 3:15.
The SJC has ordered that each attorney seeking to be admitted pro hac vice in the Superior Court, Land Court, or any appellate court must pay a non- refundable pro hac vice fee of $355 per case to the Board of Bar Overseers, and must do so before a pro hac vice motion is filed on their behalf. See S.J.C. Rule 3:15, §§ 1, 2. Attorneys seeking pro hac vice admission to any other court must pay a non-refundable fee of $101 per case. Id. § 1. Motions for admission pro hac vice must either aver that the fee required by Rule 3:15 has already been paid, or attached a copy of the BBO’s acknowledgment of payment. Id. § 2.
Morgan’s Boston-based colleague certified that Morgan paid a “$100.00 filing fee” to the BBO. In other words, Morgan filed his pro hac vice motion without first paying the required $355 fee to the BBO.
That is a problem. If Morgan had taken a moment to review Rule 3:15, he would have immediately seen that he was required to pay a $355 fee, not a $100 fee. Since Morgan did not certify or provide evidence that he paid the $355 fee before seeking permission to appear in the Massachusetts Superior Court, he failed to comply with the simple and clear requirements of SJC Rule 3:15.
In sum, these further transgressions suggest that Morgan has not learned from the mistakes that he made in the Federal case in Wyoming, and that at least for now he cannot be trusted to comply with Massachusetts law and procedural rules. They are a further reason why the Court is exercising its discretion to deny Morgan’s pro hac vice motion.
CONCLUSION AND ORDER
After carefully considered the serious nature of Attorney T. Michael Morgan’s recent ethical violations while practicing before the United States District Court for the District of Wyoming, as well as his failure to comply with Massachusetts law in connection with his own pro hac vice motion in this case, the Court exercises its discretion to deny Attorney Morgan’s motion seeking permission to appear in this action pro hac vice pursuant to G.L. c. 221, § 46A.
/s/Kenneth W. Salinger Justice of the Superior Court
May 18, 2026