Michael LEACOCK, Plaintiff,

v.

Larry DUBOIS, et al., Defendants.

Civil Action No. 93–12236–GAO.

United States District Court,
D. Massachusetts.

Aug. 16, 1996.

Robert F. Schwartz, Hill & Barlow, Boston, MA, for Plaintiff.

Michael Leacock, Pro Se.

Ann M. McCarthy, Mass. Dept. of Corrections, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

Michael Leacock, a prisoner in the Massachusetts correctional system, is suing Larry Dubois, the Commissioner of Corrections, and other officials over the circumstances surrounding Leacock's administrative segregation and disciplinary punishment arising from an incident between himself and another inmate. For the reasons set forth in this memorandum, the Court now grants the defendants partial summary judgment on those claims seeking relief under the federal constitution for violation of Leacock's due process rights.

### I

At the time of the incident that gave rise to this case, Michael Leacock was serving concurrent sentences in the Massachusetts correctional system at MCI–Norfolk for armed assault, assault and battery by means of a dangerous weapon, and other lesser crimes. On April 11, 1993, approximately nine months after being sentenced, Leacock and his prison cellmate Esau Evans had an argument. Afterward, Evans was transported by ambulance to the hospital for emergency treatment of burns to his face, eyes, and chest, as well as a laceration to his lower lip. Leacock's injuries were minimal: cuts and swelling on the backs of his hands.

The next day, Leacock was removed from the general prison population and placed in the Norfolk Receiving Building on "administrative segregation" status. Two days later, Leacock received a disciplinary report charging him with several prison disciplinary offenses, and his status was changed to "awaiting action."

Leacock's confinement pending his hearing was on the second and third floors of the Receiving Building, a building whose first floor houses the Department Segregation Unit into which Leacock would be placed were he found guilty at his hearing. The parties contest how Leacock was treated while awaiting the hearing. The defendants say that as compared to life in the general prison population his freedom was somewhat more restricted, but not that much. Leacock contends that he was deprived of almost all privileges accorded other prisoners, noting that he even received less exercise time than the five hours out-of-cell per week normally allotted to those in administrative segregation and that he was routinely placed in handcuffs and leg irons whenever he was allowed out of his cell, in violation of prison regulations.

After several postponements, Leacock received a hearing on the disciplinary citation before Special Hearing Officer Jeffrey Sherwin on June 1, 1993. Leacock and the reporting officer, defendant Mary Flynn, testified at the hearing. Leacock requested that Evans also appear as a witness, but Evans had been released from custody by that point.

Relying on the testimony presented as well as other evidence, including medical reports and the written statements of other prison guards and attendants, Sherwin found Leacock guilty of two disciplinary offenses: disrupting or interfering with the security or orderly running of the institution; and fighting with, assaulting, or threatening another person or violating any law of the Commonwealth. Sherwin found Leacock not guilty of tampering with or blocking any locking device, door, gate, or window. Sherwin recommended that Leacock make restitution for the cost of Evans' ambulance transport, that he be sentenced to two years in the Department Disciplinary Unit ("DDU"), and that he forfeit 365 days of statutory good time credits. On July 26, 1993, the Commissioner approved the DDU sentence and reduced the loss of good time to 262.5 days, that being the total Leacock had accumulated as of the day of the incident.

## II

Summary judgment is appropriate wherever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1091 (1st Cir.1995). The non-moving party, here Leacock, is entitled to all reasonable inferences that may be derived from the evidence submitted, and the evidence must be viewed in the light most favorable to him. *Woodman*, 51 F.3d at 1091.

As restated in Leacock's opposition to the motion for summary judgment, Leacock's contentions are that the defendants violated his rights under state and federal law by (1) placing him in a segregation unit prior to his hearing; (2) finding him guilty of disciplinary offenses and confining him for two years in a department disciplinary unit on the basis of a deficient hearing; and (3) confining him thereafter in conditions that violated state and federal law. This memorandum and order addresses his federal constitutional arguments under (1) and (2), both of which involve claims under the Due Process Clause of the Fourteenth Amendment.

First, Leacock's claim that his placement in a segregation unit prior to his disciplinary hearing violated the federal constitution must be rejected. In *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court held that inmates placed in administrative segregation prior to a disciplinary hearing have certain limited due process rights: Prison officials are "obligated to engage only in an informal, nonadversary review of the information supporting [the prisoner's] administrative confinement, including whatever statement [the prisoner] wished to submit, within a reasonable time after confining him to administrative segregation." *Id.* at 472, 103 S.Ct. at 872.[1] In reaching this conclusion, the *Hewitt* Court assumed for the purposes of the case that the conditions of administrative confinement were identical to those the inmates would face were they found guilty at the hearing. *Hewitt*, 459 U.S. at 463 n. 1, 467 n. 4, 103 S.Ct. at 867 n. 1, 869 n. 4. Given those standards, two things become clear: one, the dispute between Leacock and the defendant over the nature of administrative segregation is thus irrelevant for purposes of ascertaining whether the defendants violated Leacock's federal due process rights; and two, Leacock received all the process he was due as a constitutional matter prior to his hearing.

Leacock's allegations about defects at the hearing do not raise a triable issue either. An inmate may not be divested of a state-created right to good time credit without a minimum of due process. *Wolff v.*

---

1. *Hewitt* also held that the inmates had a right to due process because relevant prison regulations had conferred a liberty interest on the prisoners. The Supreme Court recently overruled that portion of *Hewitt* in *Sandin v. Conner*, — U.S. —, — – —, 115 S.Ct. 2293, 2300–02, 132 L.Ed.2d 418 (1995); *but see, id.* at — n. 5, 115 S.Ct. at 2300 n. 5 (noting that *Sandin* is "not technically" overruling *Hewitt*). *Sandin* consequently casts considerable doubt on whether Leacock has any liberty interest in anything except the good time credit he lost. Giving him the benefit of the doubt, the Court has nevertheless based its analysis on the assumption that Leacock does possess the liberty interest he claims.

*McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974); *McGuinness v. Dubois,* 75 F.3d 794, 797 (1st Cir.1996). That minimum includes: (1) written notice of the claimed violation; (2) a qualified right to call witnesses and present evidence in response to the claim; and (3) a written statement of the factfinders as to the evidence relied upon and the reasons for the action. *McGuinness,* 75 F.3d at 797–98.

The fact that Leacock could not call Evans as a witness presents no constitutional issue. Whatever limitations prison authorities may or may not place on the production of witnesses in other circumstances, *see McGuinness,* 75 F.3d at 800, they are certainly under no constitutional obligation to procure the live testimony of former inmates no longer in custody. That Leacock could not review the written evidence against him before the hearing does not raise due process concerns either in light of the fact that he was unquestionably given an opportunity to contest it at the hearing. *Id.*

Leacock also challenges Sherwin's decision, claiming that the hearing officer relied on false information about what sentence Leacock was serving. It is true that Sherwin's report misdescribed Leacock's sentence, but the error was noted by Leacock's student attorney on his appeal of Sherwin's initial decision, and while the Commissioner did not expressly mention the error in reaching his final decision adopting Sherwin's recommendation, the "Forfeiture of Good Time" form effecting the Commissioner's final decision does contain the correct information about Leacock's sentence. *See* Defs.' Mem. of Law in Supp. of Their Mot. for Partial Summ. J., Ex. G. That fact allays any concern that Leacock's punishment rested on erroneous information such that his due process rights were violated. The Commissioner's approval of Sherwin's decision, and the decision itself, were based on substantial evidence derived from Leacock's own testimony, Leacock's disciplinary record in prison, reports regarding Evans's and Leacock's medical conditions following the incident, and the incident reports of several prison personnel. Defs.' Mem., Exs. C, D, E, F. The sentence, given the hearing officer and Commissioner's

obvious concern for the potential harm Leacock might have inflicted on Evans and Leacock's prior history of disciplinary violations at MCI–Norfolk, was not out of bounds. More than this the federal Constitution does not require.

For the foregoing reasons, the defendants' motion for partial summary judgment is GRANTED insofar as it relates to the claim that the defendants violated Leacock's federal due process rights by placing him in segregation before his hearing or in the hearing itself.

SO ORDERED.