Fremont-Smith, J.
INTRODUCTION
The plaintiff, an inmate currently incarcerated at Old Colony Correctional Center (“OCCC”), brought this action against the defendants, officials of the Department of Correction (“DOC”), for their failure to conduct plaintiffs disciplinary hearing in accordance with DOC regulations. The defendants now move this Court to dismiss plaintiff’s complaint pursuant to Mass.R.Civ.P. 12(b)(6), for his failure to state a claim upon which relief may be granted, and plaintiff moves this Court to grant summary judgment in his favor, pursuant to Mass.R.Civ.P. 56. The Court will treat the defendants’ motion as one for summary judgment under Mass.R.Civ.P. 56 as a decision in this matter requires examination of materials outside the pleadings. For the following reasons, the defendants’ motion is ALLOWED in part and DENIED in part, and the plaintiffs motion is also ALLOWED in part and DENIED in part.
BACKGROUND
After plaintiff was transferred to OCCC from MCI-Concord on July 23, 1998, defendant Collins notified plaintiff that defendant Coalter, Superintendant of MCI-Concord, was investigating the plaintiff for disciplinary offenses committed at MCI-Concord. The next day, Collins issued Disciplinary Report #98-1760, which charged the plaintiff with violating several DOC disciplinary regulations.[2] The offense description states that Collins received informant information that the plaintiff was trying to recruit other inmates to, upon release, join him in an arson attempt on the home of Paul Oxford, the Director of Security. The plaintiff had allegedly told the informant that he formerly worked for Bill Oxford, Paul Oxford’s brother, and that they had a dispute over tools. The plaintiff allegedly stated that he would “get" him, and that Paul Oxford is a “punk” like his brother, Bill.
On August 6, 1998, plaintiff received notice that his impending disciplinary hearing would be held on August 13, 1998. Plaintiff requested that he be furnished with a piece of paper on which Paul Oxford’s address was written[3] and the informant’s statement. Plaintiff also requested that the hearing be tape recorded, that Collins, the reporting officer, be present, and that he be allowed to call Paul Oxford and Bill Oxford as witnesses. On August 11, 1998, plaintiff was notified that his request to have Collins present was granted, but all other requests were denied. The denial indicates that the request for Bill Oxford was denied as the regulations only apply to DOC employees and inmates;[4] the request for Paul Oxford was denied because, as the intended victim, he presented safety and security concerns; and finally, the request for the informant was denied pursuant to 103 Code Mass. Regs. §430.15.
The report of the hearing officer, defendant Lydon, indicates that plaintiff was given at least twenty-four hours advance notice of the hearing, was present at the hearing, was advised as to the import of his silence in the hearing, was not represented by counsel, and that defendant Collins was present as requested. The hearing was tape recorded. Plaintiff pled not guilty, and disclaimed the truth of the allegations. According to the report, Collins “reiterated his D-Report.”
Lydon’s statement of evidence relied upon in convicting plaintiff is as follows: “Based on verbal testimony of reporting officer and credibility of informant information and inmate’s statement he had known the victim’s family for years. It was clearly established that inmate Mandeville made threaten (sic) statem (sic) to (illegible) DOS Oxford.” Upon these findings, the plain *37 tiff was sanctioned with fifteen days of isolation, and sixteen weeks loss of canteen, telephone access and visits. Lydon did not complete an informant checklist,[5] or make any other written findings concerning the informant’s credibility or reliability.
Plaintiff appealed Lydon’s decision; this appeal was denied by defendant Coalter on August 19, 1998. Plaintiff filed the present action on October 16, 1998, seeking declaratory, injunctive, and monetary relief for alleged violations of 103 Code Mass. Regs. §§420,[6] 430, 42 U.S.C. §1983, and of his federal and state due process rights. For the following reasons, this Court treats the plaintiffs complaint as a petition for ceriorari under G.L.c. 249, §4, and finds that the DOC violated its regulations concerning the use of informant information, located at 103 Code Mass. Regs. §430.15, and concerning inmates’ requests for witnesses, located at 103 Code Mass. Regs. §430.14, and plaintiffs state due process rights.[7] This Court accordingly remands this case to the DOC for a new disciplinary hearing to he held in accordance with applicable regulations. However, defendants are entitled to summary judgment on plaintiffs claims for monetary damages under 42 U.S.C. §1983 and the Federal Constitution.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Massachusetts Bay Transp. Auth. v. Allianz Ins. Corp., 413 Mass. 473, 476 (1992). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.; HRPT v. MacDonald, 43 Mass.App.Ct. 613, 621 (1997).
In deciding a motion for summary judgment, the Court may consider pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The Court should not weigh evidence, assess credibility or find facts. See Kelley v. Rossi, 395 Mass. 659, 663 (1985). The Court may only consider undisputed material facts and apply the law to them. See id.
G.L.c. 249, §4 and DOC Regulations
Although plaintiff requests declaratory relief, this Court treats his petition as one for certiorari under G.L.c. 249, §4, as this is the proper method of challenging the conduct or findings of a disciplinary hearing. See Hill v. Superintendant, Mass. Correctional Inst., Walpole, 392 Mass. 198, 199, nn. 2 & 3 (1984), rev’d on other grounds, 472 U.S. 445 (1985); McLellan v. Comm’r of Correction, 29 Mass.App.Ct. 933, 934 (1990). A complaint for declaratory relief would only be appropriate if plaintiff sought to test the validity of regulations or the propriety of practices involving the repeated and consistent violation of rights, rather than seeking review of his individual adjudication. See Hill, supra, at 199, nn. 2 & 3.
Review of plaintiffs hearing is not de novo, but is “confined to the record and is for the purpose of correcting legal error, . . . [this Court] need only inquire whether the [disciplinary board’s] decision was legally tenable and supported by substantial evidence on the record as a whole.” Gloucester v. Civil Serv. Comm’n, 408 Mass. 292, 297 (1990) (internal quotations omitted); Hill supra, at 202.
103 Code Mass. Regs. §430.15 provides that a hearing officer may consider informant information outside the presence of the inmate
only if, after viewing and/or hearing such documentary evidence or testimony, the hearing officer has:
(1) Made a finding that the informant is reliable and that the information is credible. This finding shall be included in the record and should contain the following information:
(a) the facts upon which the hearing officer based his conclusion that the informant was reliable and that the information was credible.
(b) a statement of the information provided by the informant as specific as is possible without creating a substantial rick of disclosing the identity of the informant. The statement should demonstrate that the informant had personal knowledge of the information he provided.[8]
In the present case, however, the cursory nature of Lydon’s report and his failure to complete an informant checklist or to include in his report written findings about the credibility and reliability of the informant or his information, prevent this Court being able to assess whether substantial evidence supported plaintiffs conviction.
Due Process Violations
Prison inmates are entitled to the protections of procedural due process only if there is an existing liberty interest or property interest at stake. Torres v. Comm’r of Correction, 427 Mass. 611, 617, cert. denied, 119 S.Ct. 543 (1998), citing O’Malley v. Sheriff of Worcester County, 415 Mass. 132, 135 (1993). Although plaintiff was not entitled to the due process protections of the Fifth and Fourteenth Amendments because plaintiff does not have a federally protected liberty interest in avoiding isolation, see O’Malley, supra, at 136, the Supreme Judicial Court has held that under Massachusetts Declaration of Rights, the DOC regulations create a protected liberty interest in avoiding isolation which entitle inmates to the due process protections set forth in Wolff v. McDonnell, 418 *38 U.S. 539 (1974).[9] See O’Malley, supra, at 140; Murphy, supra n. 8, at 832-33 (“concepts of due process of law expressed in art. 12 are applicable to prison disciplinary hearings”). See also Quegan v. Mass. Parole Bd., 423 Mass. 834, 836 (1996) (noting that art. 12 might extend greater protections than the Federal Constitution).
The Court recognizes that Sandin v. Conner, 515 U.S. 472 (1995), has altered the analysis of liberty interests protected by the Federal Due Process Clause. In Sandin, the Court held that states may still create liberty interests that implicate due process, but explained that these will be “generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.”[10] Sandin, supra, at 484. See Hastings v. Comm’r of Correction, 424 Mass. 46, 51 (1997).[11]
Nevertheless, finding that isolation “entails much more than the simple loss of privileges, such as television viewing . . . [but] involves a significant loss of freedom, opportunity for exercise or earning good time credits, as well as contact with visitors or others,” the Supreme Judicial Court has held that inmates have a state protected liberty interest in avoiding isolation. O’Malley, supra, at 139. Thus, even when there is no possibility of losing good time credits, the DOC must afford to inmates the protections set forth in Wolff: “(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence in his defense and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.” Id. at 138-39.
I. Plaintiffs Right to Call Witnesses
Although in disciplinary hearings inmates are not afforded the full panoply of rights available in a criminal trial, Wolff, supra, at 556, inmates do possess a limited right to call witnesses. Id. at 566. However, an inmate may only exercise this right when “permitting him to do so will not be unduly hazardous to institutional safety or correctional goals ...” Id. Prison officials retain discretion to “keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authorily . . .” Id.
While the Due Process Clause of the Federal Constitution does not require that the reasons for denial of an inmate’s witness request be compiled in the written record at the time of the hearing, see Ponte v. Real, 471 U.S. 491, 496 (1984), under state due process requirements, justification for the denial of an inmate’s witness request must be entered into the administrative record at the time of hearing. Kenney v. Comm’r of Correction, 393 Mass. 28, 35 (1984). See McGuinness v. DuBois, 75 F.3d 794, 798-99 (1st Cir. 1996). When a denial is challenged, the DOC bears the burden of demonstrating that its reasons for denying a witness request were not arbitrary. See Ponte, supra, at 499.
103 Code Mass. Regs. §430.14, which embodies the due process requirements concerning the calling of witnesses, provides as follows:
(4) The inmate shall be allowed to call and question witnesses in his defense, or to present other evidence, when permitting him to do so will not be unduly hazardous to personal safety, institutional safety or correctional goals. The factors that the hearing officer may consider when ruling on an inmate’s request to call witnesses, questioning of witnesses, or offer of other documentary or physical evidence shall include, but shall not be limited to, the following:
(a) Relevance;
(b) Whether the evidence is cumulative or repetitive;
(c) Hazards presented by an individual case;
(d) Unavailability of the reporting staff person or other staff person for a prolonged period of time due to illness, vacation, or other authorized absence, or for other good cause;
(e) Failure of the inmate to provide a summary of the expected testimony of a proposed witness.
Furthermore, if a guilty finding is entered, the hearing officer is required to include in a written decision an explanation for the denial of a witness request. 103 Code Mass. Regs. §430.17(1).
Prior to plaintiffs disciplinary hearing, he requested that he be allowed to call Bill and Paul Oxford as witnesses. With respect to Paul Oxford, the intended victim, the DOC’s denial appears to be in conformity with the regulations as the DOC cites safely and security concerns.
However, with respect to Bill Oxford, the DOC proffered a jurisdictional rationale in denying plaintiffs request. While 103 Code Mass. Regs. §430.04 provides that “103 C.M.R. 430.00 is applicable to all employees and to inmates housed at all correctional institutions within the DOC,” §430.14, which specifically addresses the calling of witnesses, does not limit its reach to only DOC employees and inmates. Where plaintiff sought to call a material witness, i.e., Bill Oxford, whose testimony could be critical on whether he and the plaintiff ever had the alleged dispute over tools, Lydon’s failure to comply with 103 Code Mass. Regs. §430.14 constituted a violation of plaintiffs state due process rights. To have properly denied plaintiffs witness request, Lydon was required to make written findings substantiating that calling Bill Oxford presented one or more of the dangers enumerated in §430.14(4).[12]
*39 Although this Court finds that the defendants violated DOC’s regulations and plaintiffs state due process rights, plaintiff is not, as a result, entitled to monetary damages, but plaintiffs sole remedy is a new disciplinary hearing conducted in accordance with all applicable regulations. See Abdullah v. Sec’y of Pub. Safety, 42 Mass.App.Ct. 387, 392-93, rev. denied, 425 Mass. 1101 (1997) (plaintiff entitled to new disciplinary hearing for DOC’s failure to follow regulations); Martino v. Hogan, 37 Mass.App.Ct. 710, 720-21 (1994), rev. denied, 419 Mass. 1106 (1995).
II. Use of Informant Evidence
In cases involving informants, the Supreme Judicial Court has expanded Wolff's due process protections to further require that (1) the record contain some underlying factual information from which the hearing officer can reasonably conclude that the informant was credible or his information was reliable; (2) the record contain the informant’s statement (written or as reported) in language that is factual rather than conclusory; and (3) the record establish by its specificity that the informant spoke with personal knowledge of the matters contained in such statement. Lamoureaux v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 409, 414 (1983). These requirements are embodied in 103 Code Mass. Regs. §430.15, which, as noted above, were violated by Lydon’s failure to complete an informant checklist and conclusory assertion that the informant’s information was credible without any factual support for such conclusion. Mere recitation of boilerplate or shorthand phrases, such as those found in Lydon’s report, are clearly inadequate and reflect that the DOC did not afford plaintiff due process. See Lamoureaux, supra, at 413 n.11, 415 (statement that “board made the determination that the informant(s) and the information are reliable. Informant(s) had been used in the past, the information proved to be reliable” insufficient); Nelson v. Comm’r of Correction, 390 Mass. 379, 385-86, nn.8 & 9, 393 (1983) (statements that “informants) were judged as reliable, the informant(s) information was judged as reliable" insufficient).
Lydon’s cursory report and his failure to comply with this regulation having to do with the credibility of the informant has deprived this Court of the ability to undertake a meaningful judicial review of the sufficiency of the evidence presented, in view of the fact that the credibility of the informant was the primary basis for the administrative decision. This case must thus be remanded for a new disciplinary hearing conducted in compliance with the applicable regulations. See Nelson, supra, at 396-98 (record “must contain some facts from which a court can reasonably conclude that the Board inquired of and found the informants and their information to be reliable”); Abrazinski v. DuBois, 876 F.Supp. 313, 324 (D.Mass. 1995) (same). See also Abdullah, supra, at 392.
As discussed above (p. 13), although this Court finds that the defendants violated DOC’s regulations and plaintiffs due process rights, plaintiff is not, as a result, entitled to monetary damages, but plaintiffs sole remedy is a new disciplinary hearing. See Abdullah, supra, at 393, citing Martino, supra, at 720-21.
42 U.S.C. §1983
As noted above (p. 8), the plaintiff has no constitutional right to avoid isolation under the Federal Constitution, and so is not entitled to relief under 42 U.S.C. §1983. Accordingly, his §1983 claim will be dismissed.
ORDER
It is hereby ORDERED that plaintiffs motion for summary judgment is ALLOWED only as to his claims that the defendants violated 103 Code Mass. Regs. §§430.14, 430.15 and plaintiffs state due process rights, and the defendants’ motion is DENIED with respect to plaintiffs said claims. The defendants are ORDERED to provide plaintiff with a new disciplinary hearing conducted in accordance with DOC regulations as delineated by this Memorandum of Decision before a different hearing officer.
It is further ORDERED that the defendants’ motion for summary judgment is ALLOWED and plaintiffs motion is DENIED with respect to plaintiffs claims for money damages under 42 U.S.C. §1983.

 Plaintiff was charged with 1) violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program; 2) conduct which disrupts or interferes with the security or orderly running of the institution; 3) fighting with, assaulting, or threatening another person with any offense against his person or property; and 4) use of obscene, abusive or threatening language, action, or gesture to any inmate, staff member or visitors. See 103 Code Mass. Regs. §§430:24(2), (8), (18), (19).

 The DOC’s response to plaintiffs request stated that this paper was not mentioned in the disciplinary report and does not exist.

 This denial seems to be based on the rationale that the DOC does not have jurisdiction over persons who are not inmates or DOC employees.

 There is no checklist, and no indication that a checklist was completed, in the record. In their motion to dismiss, the defendants do not counter plaintiffs allegations that an informant checklist was never completed.

 103 C.M.R. §420, however, concerns classification of inmates and does not pertain to the facts of the present case.

 The Court notes that plaintiff is correct in asserting that the defendants also violated 103 Code Mass. Regs. §430.08(2), which requires an employee who has reason to believe that a disciplinary offense has been committed by an inmate to write a disciplinary report and file it with the shift commander or other designated person within twenty-four hours. However, this regulation does not protect a right guaranteed by state or federal law, and does not provide for a separate cause of action. See 103 Code Mass. Regs. §430.02.

 The regulations further required Lydon, before considering informant evidence outside the presence of the plaintiff, to find that the disclosure of the informant evidence created *40 a substantial risk of harm to the informant, to another person or to the security of the institution, and to provide to plaintiff a summary of the informant information at the hearing, unless he found that such disclosure created a substantial risk of revealing the informant’s identity. See 103 Code Mass. Regs. §§430.15 (2), (3). Unlike the previously quoted provisions, these findings need not be included in the record.

 Inmates, however, axe not entitled to all of the constitutional principles applicable to criminal trials. See Murphy v. Superintendent, Mass. Correctional Inst., Cedar Junction, 396 Mass. 830, 832-33 (1986) (confrontation clause does not apply in disciplinary hearing).

 The Court rejected the analytical method of relying upon the mandatory or discretionary tone of regulations to discern a protected interest, as set forth in Hewitt v. Helms, 458 U.S. 460 (1983). See Sandin, supra, at 483-84.

 The impact of Sandin on the analysis of state due process rights is not clear. In Hastings, in holding that inmates’ due process rights were not violated by their transfers out of work-release programs, the Supreme Judicial Court relied on both the discretionary language of the regulations and the finding that the inmates were not subjected to atypical or significant hardships. See Hastings, supra, at 52.

 The defendants have drawn the Court’s attention to a number of cases which, they say, support the proposition that the DOC need not comply with 103 Code Mass. Regs. §430.14 when the inmate requests a witness that is not an inmate or DOC employee. However, each of these cases is either inap-posite, concerns only the Federal Due Process Clause or turns on particular facts. See Sylvester v. Hanks, 140 F.3d 713, 715 (7th Cir. 1998) (Federal Due Process Clause does not require prison officials to compel testimony of unwilling inmate witnesses where Sandin indicates plaintiff had no liberty interest): Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (plaintiff received all process due him where he did not call witnesses at hearing and did not allege prison officials denied witness request): Leacock v. DuBois, 937 F.Supp. 81, 84 (D.Mass. 1996) (without expressing opinion as to other kinds of witnesses, court held DOC not obligated to procure testimony of former inmate); Brown v. Angelone, 938 F.Supp. 340, 343-44 (W.D.Va. 1996) (where plaintiff vaguely requested “every inmate present” at incident, due process did not require hearing officer to discern and locate which witnesses should testify). Indeed, in Forbes v. Trigg, the court held that a regulation which allowed prison employees to decline to testify when called by an inmate violated the Due Process Clause of the Fourteenth Amendment because “the Constitution requires that a determination be made on a case by case basis that requested witnesses pose institutional problems.” 976 F.2d 308, 316-17 (7th Cir. 1992), cert. denied 507 U.S. 950 (1993).